ANDREW DAVIS V. THE STATE.

43  189
92  658

1. LEADING QUESTIONS.—If leading questions appear to have been allowed over objections the reasons for such irregularity should be given by the judge in the bill of exceptions. It is error to allow leading questions, there being no reason for allowing them furnished in the record.
2. RAPE.—Penetration should be proved beyond a reasonable doubt, and the jury should be so instructed in prosecutions for rape.
3. AFFIDAVIT OF JUROR will not be allowed to prove misconduct of the jury in the trial of a case.
4. PENETRATION.—See facts held insufficient to prove penetration in a prosecution for rape.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland. The facts sufficiently appear in the opinion.

No brief for appellant.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—Appellant was indicted, charged with having on the 14th of July, 1874, in Washington county, committed the crime of rape. The trial resulted in the following verdict: "We, the jury, find the defendant guilty as charged in the indictment, and assess the punishment to be death by hanging."

The case is before us on the grounds set forth in the motion for a new trial, and the exceptions taken during the trial to the form of the questions put to the principal witness for the State, and the alleged errors in the charge given and instructions asked by defendant and refused.

The four questions asked by the district attorney and excepted to by defendant were, in their terms and in substance, as leading as it was possible to make them. The simple answer to each of these questions of yes or no by the witness proved defendant's guilt or declared his innocence. The questions suggested to a person of the lowest capacity the answers desired. As such, these questions should not have been permitted to be put to the witness, and the court should have sustained the objections to them. While a large discretion is necessarily vested in the presiding judge relative to the form of questions or the mode of interrogating a witness under a peculiar state of feelings, intellect, or information, yet to justify or sanction a departure from the established rules of evidence to so great a degree, and on matters of vital interest to the accused, as was permitted in this case, the explanation or statement of the reason for such departure should be shown in connection with the bill of exceptions taken. No reason is stated in the record.

The exception to the charge is to the following section : "The burden is on the State, and it must prove every material allegation in the indictment. When all the other facts concur, proof of penetration completes the offense." While this portion of the charge gave, in substance, to the jury the law of the case, we believe it failed to place before the jury the main fact to be determined by them in that direct and clear manner which the rights of the defendant demanded, and may have led to the misconstruction of the charge by the jury, which defendant's counsel, on the hearing of the motion for a new trial, offered to prove by the affidavits of several jurors.

The instruction asked on behalf of defendant and refused was, "that the burden of proof is on the State, and the State must prove penetration beyond a reasonable doubt before the jury can find the defendant guilty of rape." This instruction, we are of opinion, should have been given.

Without proof of penetration the charge of rape could not be made out, and of this the jury should have been so informed in no obscure or doubtful terms.

There was no error in the refusal of the judge to permit, on the hearing of defendant's motion for a new trial, several of the jurors to be sworn to prove their misconstruction of the charge of the court. The permitting such a practice would result in greater evils than those that might possibly be removed by such action; and in this case, when the life of the defendant was dependent upon their verdict, if any portion of the jury entertained any doubt as to the meaning of any part of the charge, the code authorized, and it was certainly their duty to return to the court and obtain from the judge, such additional charge or explanations as the question required.

The examination of the question whether or not "the verdict is contrary to law and evidence," leads to the conclusion that the evidence is of that uncertain and doubtful character that is well calculated to create a conviction that the verdict of the jury is not supported by the evidence.

The person alleged to have been ravished was shown by the evidence of her mother and a physician, on whose place they had formerly resided, to be about ten years and six months old. On her examination she stated she did not know what the obligations of an oath were, other than that if she told a lie she " would be whipped for it." The evidence was somewhat contradictory as to consent or acquiescence on her part. She made before or at the time of the alleged commission of the offense no outcry. A girl smaller than herself was sleeping in the room at the time and was not awakened. Defendant, she asserted, did not prevent her from crying out or making an alarm; it was in broad daylight; the hands were at work, about half an hour after sunrise. She further stated that the door was open; that defendant did not shut it; and that she could hear them call her from the house.

The girl charged to have been ravished was examined on the day named by two practising physicians, one of whom testified that on his examination he discovered evidence of transactions which "seemed to be of an old standing, but did not believe that penetration had taken place that day," and again stated that he gave it as his "professional opinion that there had been no penetration that day." He further stated girls of her age were often in a condition which perhaps might explain her appearance to those who saw her on that day. All the witnesses agreed as to the day. The other physician, who made a personal examination of the girl, stated in substance that there had been no penetration on that day.

The evidence on the subject of penetration being so unsatisfactory, if it is not completely negatived, we are of the opinion that the verdict is not warranted by the evidence, and that the judge should have granted a new trial.

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.