Argued 28 April; decided 3 May, 1902.

### STATE *v.* WELCH.

[68 Pac. 808.]

</div>

RAPE—DEDUCTION FROM CIRCUMSTANTIAL EVIDENCE.

In a prosecution for rape by carnally knowing a female under the age of consent (Hill's Ann. Laws, § 1733; Laws, 1895, p. 67), where the evidence showed that the defendant for weeks occupied with the female in question, she being a prostitute, a room with only one bed, the jury might reasonably infer that there was a sufficient penetration to consummate the crime charged.

From Douglas: REUBEN P. BOISE, Judge.

L. L. Welch was convicted of carnally knowing a female under sixteen years of age, and appeals.          AFFIRMED.

For appellant there was a brief over the names of *John A. Carson* and *J. A. Buchanan,* with an oral argument by *Mr. Carson.*

For the state there was a brief over the names of *D. R. N. Blackburn,* Attorney-General, *George M. Brown,* District Attorney, and *L. T. Harris,* with an oral argument by *Mr. Harris.*

MR. JUSTICE MOORE delivered the opinion.

The defendant was convicted of carnally knowing Effie McCulloch, a female under the age of sixteen years, and, having been sentenced to imprisonment in the penitentiary, he appeals, assigning as error, *inter alia,* the action of the court in refusing to instruct the jury to return a verdict of not guilty, on the ground that no testimony had been offered tending to prove penetration. Testimony was introduced at the trial ·from which the jury might reasonably have found that Effie McCulloch, at the time of the alleged commission of the offense, was only fifteen and a half years old, though several witnesses testified that in their opinion she was about three years older. She had been an inmate of houses of ill fame for about two years prior thereto, and was the mother of two illegitimate children, the eldest being then about three years old. The defendant, having met her at Riddles, Oregon, went to Roseburg, and engaged a room having but one bed, saying to the landlady of the lodging house that his wife would be there with him a few days. That evening Effie McCulloch went with him to this room, which they kept five weeks, both occupying the same bed, and while living at this house she frequently introduced him to others as her husband, which statement he never denied. His wife learning these facts, caused him to be arrested for adultery, and at the preliminary examination he was held to answer the charge, and was committed to jail in default of bail. Effie McCulloch tried to procure sureties upon the bond for his appearance; but, having failed to secure his release, she committed suicide, and after her death the information was filed upon which he was convicted.

It is contended by his counsel that the testimony, hereinbefore detailed, may have disclosed an opportunity to commit the crime with which he was charged, but it was insufficient to prove the *corpus delicti,* and that the court erred in the par-

ticular indicated. The statute, for the violation of which the conviction was secured, so far as material, is as follows: "If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, * * such person shall be deemed guilty of rape, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary," etc: Hill's Ann. Laws, § 1733, as amended by Laws, 1895, p. 67. The only question argued was whether the jury could legally infer carnal knowledge from testimony which conclusively showed that the defendant, for five weeks, occupied the same bed with a prostitute. If, in a prosecution for carnally knowing a female whose immature mind was deemed by legislative enactment incapable of consenting to her own degradation, it were necessary to prove coition by producing witnesses to the overt act, it must be admitted that the statute designed to eradicate the evil would prove wholly ineffectual for that purpose. Offenses of this character are always committed in secret; and, if their perpetration cannot be properly inferred from circumstances that irresistibly lead to such conclusion, failure of justice must inevitably result in nearly every instance. Circumstantial evidence is often of more weight in reaching correct conclusions upon issues of fact than the testimony of witnesses, who may have been suborned, or whose statements may be distorted by prejudice, colored by passion, or rendered false by failing memory. Circumstances not designed by interested parties to attract attention frequently furnish irrefutable evidence of material facts, and are adequate in character and sufficient in weight for a jury, under proper instructions from the court, to reach correct conclusions upon issues involving life, liberty, and property.

Although the rule is general that in prosecutions for rape penetration should be proved beyond a reasonable doubt (*Davis* v. *State,* 43 Tex. 189), it has been held, on the trial for unlawfully knowing and abusing a female child, that the fact of penetration may be found by the jury from circumstances alone: *Brauer* v. *State,* 25 Wis. 413. The wisdom and justice of this conclusion is apparent; for a contrary rule might, in

some cases, lead to the acquittal of a lecherous brute in human form because he selected for the gratification of his evil passion a child too young to understand the nature of an oath, and therefore incompetent to testify concerning the assault made upon her. Evidence of mere opportunity for sexual indulgence, in the absence of proof of a lascivious inclination on the part of both parties, is not sufficient circumstance to warrant an inference of the commission of such offense: Bishop, Stat. Cr. § 679; *State* v. *Scott,* 28 Or. 331 (42 Pac. 1). Any other conclusion might result in ruining the reputation of a chaste woman, who, otherwise unattended, accompanied a continent man to any place where she was not at all times the object of public gaze. Except for the purpose of accomplishing some laudable object, it is not to be supposed that a man and a woman who are not married to each other can knowingly visit houses of ill repute and maintain unimpeachable reputations for morality; nor can they, in any instance, except possibly in cases of extreme peril of perishing, jointly enjoy the same bed without creating the inference that the occupancy of the couch is for an immoral purpose. Thus in *Blackman* v. *State,* 36 Ala. 295, the plaintiff in error, a married man, being tried upon an indictment charging him with committing adultery, the state having proved that he frequently visited the house of a woman whose general reputation for chastity was bad, and that he was seen at night in her bedroom lying with her on the same bed, it was held that such circumstances afforded sufficient evidence to justify a conviction, the court saying: ''That a married man frequently visits, at night, the house of a female, and is seen with her in her bedroom, and lying with her on the same bed at night, are circumstances which, of themselves, are well calculated 'to lead the guarded discretion of a reasonable and just man to the conclusion' that the parties have been guilty of adultery. The presumption that the criminal act had been committed would be strengthened by proof that the general reputation of the female was that of a woman who was not disinclined to yield to the temptations and improve the opportunities established by such evi-

dence." In *Commonwealth* v. *Mosier*, 135 Pa. 221 (19 Atl. 943), it as held not to be error to instruct the jury, upon the trial of an indictment for adultery, that the law would fully warrant the inference of the commission of the crime charged from the fact that a man and a woman, not husband and wife, were occupying the same room, undressed and at night. In *Richardson* v. *State*, 34 Tex. 142, a married man and a colored woman, not his wife, having lived together for several months in the same room, wherein there was but one bed, and with no other attendant than a small child, it as held to be strong evidence of adultery, and sufficient to warrant a verdict of conviction.

The testimony having disclosed that the defendant and Effie McCulloch jointly occupied the same room for five weeks, the inference of his carnal knowledge of her was reasonably deducible from such circumstances, particularly so in view of her unsavory reputation. No error was committed in refusing to charge the jury as requested, and hence the judgment is affirmed.                                                          AFFIRMED.

Argued 3 February; decided 24 February, 1902; rehearing denied.