### JOHN WILSON v. THE STATE.

No. 5085.　Decided June 19, 1918.

**Theft of Hog—Objections to Charge of Court.**

　　Exceptions to the charge of the court must be made before it is read to the jury, and can not be done in motion for new trial, except where the matters are of a fundamental nature, and a complaint that the court failed to charge on circumstantial evidence, and the distinction between an accomplice and principals is not of such nature; besides, this is not a case of circumstantial evidence and the judgment of conviction is affirmed.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of hog theft and awarded two years confinement in the penitentiary.

The record is before us without bills of exception to any rulings of the trial court. The motion for new trial objects to the charge because it does not charge with reference to principals and codefenders and assigns such as error. Also that the court failed to charge upon the law with reference to circumstantial evidence and draw the distinction be-

tween accomplices and principals. Under our statute it is requisite to have exceptions to the charge filed before it is read to the jury. This can not be done in motion for new trial except where the matters are of a fundamental nature. We are of opinion that this is not a case of circumstantial evidence. The theory of appellant in regard to this matter is that he was not present when the hogs were taken and had no guilty participancy in taking the hogs. Under his testimony he was not actually present, and the State's evidence is to the effect that while he may not have been present when the other two parties got the hogs, he was bringing his wagon to them so that they could convey the hogs to Fort Worth, and did in fact deliver the wagon; at least his wagon was used in hauling the hogs away. There are statements from defendant to the effect that when they got the hogs he inquired about them before he turned the wagon over and they assured him, he says, that the hogs were all right, and that he also specifically asked with reference to where they got the hogs and if they were stolen hogs, and kindred matters of that sort. These matters were fairly well submitted by the court in his charge. The evidence from the State's standpoint is sufficient to connect him with the unlawful taking as a principal, though he may not have been actually present when the hogs were taken. His connection with the matter was of such a nature that it shows he was connected with it at the time and doing his part. His honesty of purpose in doing so would be a matter of fact for the jury under the respective theories presented by the testimony. We are of opinion the case does not present reversible error as the record is made up.

The judgment, therefore, will be affirmed.

*Affirmed.*