JACK BRIDGES v. THE STATE.

No. 5922.    Decided October 27, 1920.

1—Assault to Murder—Assignment of Error—Charge of Court—Practice on Appeal.

Attacks upon the charge of the court must be made at the time the charge is read to the jury and before the beginning of the argument, and must be in writing, and where there was no exception taken to the court's charge. at the proper time, it is too late to raise this question in an assignment of error.

2.—Same—Assignment of Error—Fundamental Error—Practice on Appeal.

Assignments of error are not necessary, and, if the point is well taken by an assignment of error, it must be of a fundamental nature which would go to the very foundation of the conviction as being wrong, and in the instant case there was no such fundamental error in the trial.

3.—Same—Misconduct of Jury—Practice in District Court—Verdict.

Where defendant's bill of exceptions recited that the evidence sought to be introduced was to prove by two jurors, that from the charge of the court in two paragraphs thereof they believed the court had instructed them to either find the defendant guilty of assault with intent to murder or of aggravated assault, held: that such question cannot be raised in the manner indicated, nor will the jurors be permitted to thus impeach their verdict, following Collins v. State, 66 Texas Crim. Rep., 602, and other cases.

4 —Same—Misconduct of Jury—Argument of Counsel—Verdict.

Where, defendant's bill of exceptions recited that he offered to show by one of the jurors that other jurors remarked while considering their verdict that from the ch rge of the court and the argument of district attorney they were required to believe that they should find the defendant guilty of either assault with intent to murder or aggravated assault, and further that bystanders heard the argument of district attorney, etc., but the record showed that there was no exception taken to the remarks of the district attorney, and besides, the jury will not be permitted to thus impeach their verdict. Following Ulmer v. State, 71 Texas Crim. Rep., 579, and other cases.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence was sufficient to sustain a conviction of that offense under a proper charge of the court, and the defendant's contention that he did not intend to kill, but was shooting to frighten the party injured, was adversely decided to him by the jury, there was no reversible error.

Appeal from the District Court of Briscoe. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Daniel*, for appellant.—On question of simple assault: Haygood v. State, 103 S. W. Rep., 890.

On question of frightening party injured: Stanton v. State, 29 S. W. Rep., 476; McCutcheon v. State, 95 id., 525.

On question of court's charge: Greta v. State, 9 Texas Crim. App., 429; White v. State, 18 Texas Crim. App., 63; Irvine v. State, 20 id., 12.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of misconduct of the jury: Williamson v. State, 167 S. W. Rep., 361; Johnson v. State, 58 id., 69.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder and given two years in the penitentiary.

There is one bill of exceptions incorporated in the record. It recites that appellant requested permission to introduce evidence in support of his second and third assignments of error, which was refused by the court. The second assignment of error is as follows: "The court erred in the tenth and eleventh paragraphs of his charge to the jury, in instructing them to find the defendant guilty of assault with intent to murder." The third ground is that "the court erred in the tenth and eleventh paragraphs of his charge to the jury by instructing the jury to find the defendant guilty of aggravated assault, in case they did not believe him guilty of assault to murder, because said charge led the jury to infer that the court believed the defendant guilty of assault to murder or of aggravated assault, and that the jury should not acquit the defendant of both of said offenses; and such instructions were in a way equivalent to directing the jury not to acquit the defendant." Attacks upon the charge must be made at the time the charge is read to the jury and before the beginning of the argument, and must be in writing. This is statutory. There was no exception taken to the court's charge at the time it was delivered to the jury, and it is too late to raise this question in an assignment of error. Assignments of error have been held by several decisions of this court not to be necessary, and if the point is well

taken by an assignment of error it must be of a fundamental nature which would go to the very foundation of the conviction as being wrong. In such event if the charge was of such character this court would take cognizance of it doubtless when raised for the first time on appeal, but it must be of such a fundamental nature as heretofore decided by this court. There is no contention that these charges were of a fundamental character, and an inspection of them would indicate they were probably not subject to exception at all, but the question here seems to be not so much an exception to the charge in the assignment of error as it was brought forward for the purpose of introducing evidence to show the effect of the charge upon the minds of the jurors. The bill recites that the evidence sought to be introduced would prove by two jurors that from the instructions in the tenth and eleventh paragraphs of the court's charge they believed the court had instructed them to either find the appellant guilty of assault with intent to murder or of aggravated assault. This cannot be raised in the manner indicated, nor will the jurors be permitted to thus impeach their verdict. It has often been held that a juror will not be permitted to impeach his verdict by testifying that he misunderstood the charge of the court. Collins v. State, 66 Texas Crim. Rep., 602, 148 S. W. Rep., 1065; McCulloch, 35 Texas Crim. Rep., 268; Davis v. State, 43 Texas, 189. It has also been decided that misconstruction of a charge by a juror is not ground for a new trial. Johnson v. State, 27 Texas, 758; Davis v. State, 43 Texas, 189; Rockhold v. State, 16 Texas Crim. App., 577. The court did not commit error in this respect.

Another phase of the bill of exceptions is this: that it was offered to be shown by one of the jurors that other jurors remarked while considering their verdict that from the charge of the court they believed the court believed that they should find the defendant guilty; that the district attorney would testify that in his closing remarks to the jury he argued that the jury should convict the defendant of assault with intent to murder, but if they did not believe that the defendant was guilty of assault to murder, that under the charge of the court they would have to find him guilty of aggravated assault; and that by another witness appellant expected to prove that he was a bystander and heard the argument of the district attorney, and in his closing remarks remembered distinctly that the district attorney argued to the jury for a conviction for assault with intent to murder, and that if the jury did not convict him of assault with intent to murder, that they had, under the charge of the court, to convict him of aggravated assault. There were other bystanders by whom they proposed to prove practically the same matters. There was no exception taken to the remarks of the district attorney and if his remarks were thought objectionable exception should have been taken to them at the time and not by offering to introduce evidence of bystanders on motion for new trial. As we understand this motion,

there is nothing, had it been properly preserved, to require this court to reverse the judgment; but the jury or any member of the jury will not be permitted to thus impeach their verdict. It has been held that the verdict can be neither explained nor impeached by affidavit, deposition or other sworn statement of a juror. Weatherford v. State, 31 Texas Crim. Rep., 530. Nor will a juror be allowed to impeach his verdict by alleging or stating that different members of the jury misunderstood the testimony of a witness. Ulmer v. State, 71 Texas Crim. Rep., 579. None of the matters set out in this bill of exceptions pertain to misconduct of the jury such as is mentioned in the statute as a basis for a new trial. For further citation of authorities see Vernon's C. C. P., pages 774 and 775. The rule seems to be universal, or at least well settled, that jurors cannot in this manner impeach their verdict.

There is also a contention that the verdict is not sustained by the evidence. We have carefully read the testimony, and have reached the conclusion that the jury was justified in convicting the appellant. That he shot at the assaulted party several times with a rifle seems not to be questioned. In fact, the appellant concedes that he did and within a short distance. Appellant's contention was that he was shooting to frighten and, therefore, it was not an assault to murder. This matter was made an issue and decided by the jury adversely to appellant, and the jury was justified in concluding that appellant's purpose went beyond the mere frightening of the party at whom he was shooting. It is unnecessary we think to state the facts. They would be of no practical value to the jurisprudence or the profession.

The judgment will be affirmed.

*Affirmed.*