## A. J. JOHNSON v. THE STATE.

5848.   Decided November 10, 1920.

1.—Unlawfully Passing Forged Instrument—Evidence—Bill of Exceptions—Practice on Appeal.

Where appellant complained that he was not allowed on cross-examination of the State's witness to have him answer certain questions, but the bill of exceptions did not show what the answer to the questions would have been, the matter cannot be reviewed and there was no reversible error.

2.—Same—Rehearing—Charge of Court—Weight of Evidence—Practice in District Court.

The Statutes, Article 735, C. C. P., requires that exceptions to the court's charge must be taken before it is read to the jury and in writing, specifying the ground of objection, and where this was not done, the complaint that the court's charge is on the weight of the evidence, cannot be considered, and is not such fundamental error which goes to the basis of the case; besides, it must be seriously doubted whether there was any error if the exception had been properly taken.

3.—Same—Other Offenses—Evidence—Intent—Charge of Court.

Where, upon trial of passing a forged instrument, there was an issue as to the fraudulent intent of the defendant, there was no reversible error in introducing testimony of another similar offense; so that if an exception had been properly taken to the court's charge limiting this testimony to such intent, there was no reversible error.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully attempting to pass a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. Lee Cearley,* for appellant.—On question of insufficiency of the evidence: Ferguson v. State, 187 S. W. Rep., 476.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of defective bill of exceptions: Brown v. State, 65 S. W. Rep., 529; Fletcher v. State, 153 id., 1135; Harris v. State, 148 id., 1074; James v. State, 138 id., 612.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under the second count of the indictment charging him with unlawfully attempting to pass a forged instrument.

It is unnecessary to make a statement of or discuss the evidence. The jury was warranted in finding the verdict.

There is but one bill of exceptions in the record. It recites that defendant on cross-examination of the witness Middlebrook asked the following question: "Grider—do you know Grider—you say you know Grider? A. He picked cotton for me. Q. Do you consider him a straight, honest, upright fellow? The State: We object to that as irrelevant and immaterial." Appellant stated that he offered this evidence as tending to show Grider's connection with the check; "that he was of that kind or character and that Mr. Middlebrook knew his reputation, and I am just trying to prove his reputation as to being a law-abiding citizen, otherwise, for that purpose." The court sustained the State's objection, and appellant excepted. This is the bill. What Middlebrook would have answered, or what was expected in answer to the question is not stated. Whether his answer would have been favorable or unfavorable is not shown. As the bill is presented we are unable to say that there was error in the action of the court. The reply of the witness, had he been permitted to answer, should have been stated so that this court could ascertain whether it was relevant or not. The bill is too indefinite for revision

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 10, 1920.

DAVIDSON, PRESIDING JUDGE.—Appellant concedes in his motion for rehearing that the decision of the court as rendered was correct

on the questions discussed, but his contention, however, now is that the court below committed fundamental error in charging the jury that the testimony of the witness Maxey was admitted before them only for what they might consider it to be worth, if anything, upon the issue of the fraudulent intent of defendant and they should not consider it for any other purpose. His contention is that this is a charge upon the weight of the testimony. The testimony of Maxey was legitimate upon the question of intent. It is unnecessary to state the facts. If it be conceded that appellant is correct that this had a tendency to convey the idea of the court that the attempt of appellant to pass the alleged forged check upon Maxey was an indication of the court's view of that testimony, then it may be stated that there was no objection to the court's charge during the trial, either at the time it was delivered or even in the motion for a new trial, and is raised for the first time in this motion for rehearing. The statute, Article 735, C. C. P., requires that exceptions to the court's charge must be taken before it is read to the jury and in writing, specifying the grounds of objection. This was not done. Under the decisions an error or supposed error of the court in charging the jury will not be considered unless it be of a fundamental nature and goes to the basis of the case adversely to what the law is or ought to be. We do not understand this charge to be of that nature, even if it be conceded that it was somewhat on the weight of the testimony. It may be seriously doubted, however, whether that proposition would be a sound one if exception had been properly taken. Extraneous crimes of this sort may be introduced to show the intent of the party where an innocent purpose is claimed, or there be doubt as to the innocence of the act about which the complaint is made. The testimony of Maxey was clearly introducible as bearing upon intent of defendant in attempting to pass the check. This attempt occurred the same evening and a very short time before he undertook to pass it upon another party and upon which this conviction was obtained. We, therefore, hold that this error, if error at all, is not of such a nature that it requires this court to reverse under the circumstances.

The motion for rehearing will, therefore, be overruled.

*Overruled.*