## Jim Hill v. The State.

### No. 6185. Decided June 1, 1921.

**1.—Theft of Hog—Charge of Court—Requested Instructions.**

Where, upon trial of theft of a hog, the court submitted a proper charge applicable to the facts in the case and refused two incorrect requested charges, there was no reversible error.

**2.—Same—Evidence—Bills of Exceptions.**

Where the bills of exceptions did not show what the answer of the witness would have been, or the connection in which the question was asked the witness, or the pertinency thereof, there was no reversible error.

**3.—Same—Voluntary Return of Property—Rule Stated.**

The offer of the thief to return property, comes too late after he has been caught in possession; besides, in the instant case the defendant not only refused to give up the alleged hog, but stoutly maintained it was his. Following Harris v. State, 29 Texas Crim. App., 101, and other cases.

**4.—Same—Return of Stolen Property—Objections to Charge of Court.**

If the issue was raised as to voluntary return of stolen property, and omitted from the Court's charge, the presumption obtained upon appeal that in so framing the charge the court's action met the approval of the defendant, he having made no objection to the charge, nor sought to supply the supposed omission by request for special instructions under Article 735 C. C. P.

**5.—Same—Identity of Property—Question of Fact.**

The identity of the alleged hog found in possession of the defendant with that charged to have been stolen was an issue of fact for solution by the jury, and there was no reversible error.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft of a hog; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Geo. E. Gordon,* for appellant.—On question or return of stolen property: Bird v. State, 16 Texas Crim. App., 533; Kellar v. State, 176 S. W. Rep., 723; Anderson v. State, 25 Texas Crim. App., 593. Bennett v. State, 28 id., 342.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of the theft of a hog alleged to have belonged to one Sam Hines, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant and Sam Hines were negroes living in the same community. Hines claims to have lost a sow and pigs, and searched for

them for several months without result, and finally located them, as he claims, in appellant's pen. The prosecuting witness positively identified the sow and shoats as belonging to him; appellant, on the other hand, stoutly contended that the hogs were his hogs, and had formerly belonged to his father's estate. The marks on the sow had been changed. The prosecuting witness claimed that her ears were cut off close to her head in order to destroy any former mark; appellant claimed the sow was marked with his father's registered mark, and after his death some dispute arose between the children as to the ownership of the hogs, and that he re-marked the sow in his own mark. Appellant and the prosecuting witness were cousins, and the father of the prosecuting witness insisted that the boys get together and settle the matter without any prosecution. Appellant declined to give up the sow until his brother offered to let him have one of his hogs in lieu of the sow if he would turn her over to the prosecuting witness. This he reluctantly consented to do, refusing to deliver her in person, but told them there she was in the pen and they could go get her if they wanted her Appellant sought to prove by many witnesses, all of whom seem to have been negroes, except one, that this particular sow had been in his pen for many months, but, unfortunately for appellant, they became very much confused in the description of the sow in question, no two of them agreeing as to the description.

No exceptions were taken to the court's charge, but counsel for appellant asked two requested instructions, which the court refused to give, and which are as follows: the first: "If you have a reasonable doubt as to the ownership of the hog described in the indictment, you will find defendant not guilty." The second: "If you have a reasonable doubt in your minds, arising from the evidence, that the defendant knew the hog described in the indictment was not his hog, you should acquit him." We do not believe the special charges requested pertinently presented to the jury the real issue in this case. Sam Hines claimed the hogs belonged to him; appellant asserted that it was his hog. If the jury had not believed that the hog in question belonged to Sam Hines, and there had been an issue as to whether the hog belonged to appellant or his father's estate, there might have been some pertinency in the first special charge requested, but that was not the issue. We have been unable to analyze to our satisfaction the second special charge. It seems to be equivalent to having requested the court to charge the jury that if they believed the defendant knew the hog described in the indictment was not his hog, or if they had a reasonable doubt upon that issue, arising from the evidence, they should acquit him. It occurs to us that the court did the appellant a favor rather than an injury by refusing to give the second charge. The court had pertinently presented the matter from the appellant's standpoint, as we understand the facts, in the following language: "You are further charged that although the jury may believe from

the evidence that the hog belonged to Sam Hines, yet if the jury believe (or have a reasonable doubt in the matter) that defendant took the hog, honestly believing at the time of the taking that it was his own hog, then in that event the essential element of fraudulent intent would be lacking and the defendant should be acquitted." He had also told the jury that they must believe from the evidence beyond a reasonable doubt that Sam Hines was the owner of the hog in question before they could find defendant guilty. We find no error on the part of the court in this particular.

By bill of exceptions Number 3 it appears that while a witness by the name of Tom Hines was being examined, counsel for appellant asked the following question: "Did your son ever tell you that Henry Templeton told him where those hogs were?" The bill recites that Tom Hines was the father of the prosecuting witness. It does not state in the bill what the answer of the witness would have been, nor is there anything in the bill showing the connection in which the question was asked, nor the pertinency of the inquiry. It appears upon its face to be rank hearsay. This court has laid down the rule in many cases that bills of exception must be complete within themselves, showing the connection and pertinency of the inquiry, in order that this court may pass intelligently upon the question presented.

Bill of exceptions Number 4 is in exactly the same condition. It simply recites that while W. D. Robinson was being examined as a witness, counsel for appellant asked him: "What was the color of the hog that you say that you saw in Jim Hill's lot?" The bill does not state the ground of objection; it does not state the pertinency of the inquiry, what the answer would have been, nor any of the facts which would enable this court to pass intelligently upon the matter.

Bill of exceptions Number 5 recites that while appellant was being examined by his counsel he was asked the following question: "Is it or not your judgment that Sam Hines knew that was his sow?" This is all there is to the bill, except that it shows that the State objected and that the court sustained the objection, and that incident thereto counsel for appellant remarked that he did not ask for an opinion of the witness, but his judgment, to which the district attorney replied that "it was the same thing." This bill is in the same condition that the other two heretofore referred to are. It does not show what the answer of the witness would have been, and we cannot surmise in what way the appellant could have been injured by the refusal of the court to permit him to answer the question. It appears to be a question which was asked to elicit the opinion of the appellant as to the opinion of the prosecuting witness relative to the sow in question. None of the bills of exceptions as presented show any error on the part of the court.

Counsel for appellant, in his brief, insists that the court committed fundamental error in not having submitted to the jury the issue of voluntary return of stolen property. There was no objection to the

charge of the court because of that omission, nor was a special charge requested to that effect, but even if there had been, the facts in this case do not present the issue of a voluntary return of stolen property. A party caught in the possession of stolen property cannot claim the benefit of the article with reference to the voluntary return thereof. Grant v. State, 2 Texas Crim. App., 164. The offer of the thief to return property comes too late after he has been caught in possession. Harris v. State, 29 Texas Crim. App., 101; Boze v. State, 31 Texas Crim. Rep., 347. Cases upon this same question could be quoted without number, but it is not necessary to consume further time. The appellant in this case not only refused to give up the hog, but stoutly maintained it was his, and it was only after his brother had agreed to give him one in lieu thereof, that he ever consented to let the prosecuting witness take the hog out of his lot.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 1, 1921.

MORROW, Presiding Judge.—As stated in the original opinion, we think the evidence detailed does not raise the issue of voluntary return of the stolen property within the meaning of Article 1343 of the Penal Code. If the contrary were true, the point made would not be available to the appellant upon appeal. If the issue was raised and omitted from the court's charge, the presumption obtains upon appeal that in so framing the charge the court's action met the approval of the appellant, he having made no objection to the charge nor sought to supply the supposed omission by request for special instruction. Such is the effect of Chapter 138 of the Acts of 1913, amending Article 735, Code of Criminal Procedure, and others in the same chapter. See Vernon's Texas Crim. Statutes, Vol. 2, page 525 for interpretation of this statute.

The identity of the hog found in the possession of the appellant with that charged to have been stolen was an issue of fact dependent upon conflicting testimony, the solution of which by the jury is binding upon this court.

The motion for rehearing is overruled.

*Overruled.*