(Court of Criminal Appeals of Texas. March 22, 1922.)

**Criminal law ⬅14—Prosecution for having unlawful possession of liquor dismissed where after conviction statute was amended.**

Prosecution for unlawful possession of liquor, not alleged to have been for purpose of sale, will be dismissed, though Acts 36th Leg. (1919) 2d Called Sess. c. 78, § 1, as amended by Acts 37th Leg. (1921) 1st Called Sess. c. 61, § 1 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼), requiring possession to have been for such purpose, was made subsequent to conviction.

Appeal from District Court, Young County; H. F. Weldon, Judge.

S. C. Counts was convicted of unlawfully possessing intoxicating liquor, and he appeals. Judgment reversed, and prosecution ordered dismissed.

Brown & Graham and Thomas G. Binkley, all of Graham, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquor, and was had before the amendment (Acts 37th Leg. [1921] 1st Called Sess. c. 61, § 1 [Vernon's Ann. Pen. Code Supp. 1922, art. 588¼]) of the statute (Acts 36th Leg. [1919] 2d Called Sess. c. 78, § 1) denouncing that offense.

The statute so modified the law as to limit the offense to the possession of intoxicating liquor for the purpose of sale. The indictment as drawn does not contain this limitation, and therefore will not support the conviction. See Francis v. State (Tex. Cr. App.) 235 S. W. 580, and Ex parte Mitchum (No. 6772, Tex. Cr. App.) 237 S. W. 936, not yet [officially] reported.

The judgment is reversed, and the prosecution ordered dismissed.

---

## JORDAN v. STATE. (No. 6810.)

(Court of Criminal Appeals of Texas. March 29, 1922.)

**I. Criminal law ⬅796—Charge as to suspended sentence held inaccurate.**

A charge that the court may suspend sentence and the jury may recommend that sentence be suspended, and when that is done it is obligatory on the court to suspend sentence during good behavior, was inaccurate as susceptible of the construction that the trial judge might suspend sentence without a recommendation by the jury.

**2. Criminal law ⬅1056(2) — Inaccuracy of charge not complained of at trial may not be raised on appeal.**

Under Vernon's Ann. Code Cr. Proc. 1916, arts. 735, 737a, requiring objection to be made at the time of trial pointing out the matter complained of in a charge, an inaccuracy not excepted to at the trial may not be raised on appeal.

**3. Criminal law ⬅957(2) — Attempted impeachment of verdict by jury held not competent.**

Where a jury returned a verdict of guilty, stating that they did not recommend a suspended sentence, it was not competent for the jury to impeach their verdict by a statement that they were impressed with the view that the trial judge had power to suspend sentence whether they recommended it or not.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Sterling Jordan was convicted of theft, and he appeals. Affirmed.

Austin C. Hatchell, of Plainview, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

---

A plea of guilty was entered and so was an application for the suspension of the sentence of the appellant.

The appellant was a youth about 18 years of age. The evidence shows, without controversy, that he took possession of a motorcycle without the consent of the owner, and is sufficient to show that it was done fraudulently with the intent to deprive the owner of its value. He testified that he had no intent to appropriate it, but wanted to use it in order that he might find work. He had never been convicted of a felony, but had been guilty of theft on other occasions.

There were no bills of exceptions; nor complaint of the charge of the court at the time of the trial.

[1] In the motion for new trial, however, the submission of the law of suspended sentence is criticized. This phase of the charge was in this language:

"The laws of the state of Texas provide that, if there is a conviction of a felony of the character of which the defendant stands charged, the court may suspend sentence when the punishment assessed by the jury shall not exceed five years' confinement in the penitentiary, and when the proof shows, and the jury find by their verdict, that the defendant has never before been convicted of a felony in this state or in any other state. The law further provides that the jury may, in their discretion, from all of the facts and circumstances in evidence, recommend that sentence be suspended. When that is done, the law provides that it is obligatory upon the court to suspend sentence during good behavior."

[2, 3] This was not an accurate statement of the law, in that it was susceptible of the construction that the power rested in the trial judge to order the suspension of the sentence whether the jury recommended it or not. In their verdict, the jury stated specifically that they did not recommend a suspended sentence. An effort was made to impeach the verdict by the statement that they were impressed with the view that the trial judge had the power to suspend the sentence whether they recommended it or not. The inaccuracy in the charge is not available for the reason that it was not excepted to. As a predicate for review of the action of the court in giving an inaccurate charge, the statute requires that objection be made at the time of the trial pointing out the matter complained of. See Vernon's Annotated Code of Crim. Proc., arts. 735 and 737a. It was not competent for the jury to impeach their verdict in the manner attempted. Turner v. State, 61 Tex. Cr. R. 103, 133 S. W. 1052; Watson v. State, 82 Tex. Cr. R. 310, 199 S. W. 1113; Weatherford v. State, 31 Tex. Cr. R. 530, 21 S. W. 251, 37 Am. St. Rep. 828.

The judgment is affirmed.