## W. A. McCord v. The State.

No. 9997.   Delivered April 28, 1926.

Rehearing denied October 20, 1926.

**1.—Aggravated Assault—Charge of Court—Exceptions To—How Taken.**

Objections made and exceptions taken to the charge of the court must be presented to the trial court before the main charge is given to the jury, and the record on appeal must show that it was so done, or this court will not consider same. Appellant's bill of exception fails to show a compliance with the rules of practice, and presents no error.

**2.—Same—Argument of Counsel—Exceptions To—Insufficient.**

Where, on bill of exception, complaining of the argument of counsel, discloses that the court orally instructed the jury to disregard the argument when presented, and no special charge was requested withdrawing same, no reversible error is presented.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complaining of the cross-examination of appellant's wife does not recite that the matters complained of, were not gone into by the defendant, and there is no recitation in the bill from which the court may determine this fact, no error is presented.

**4.—Same—Verdict by Lot—Not Established.**

Where appellant, in his motion for a new trial, contends that the verdict was reached by lot, and there is testimony found in the record which would warrant the trial court in believing that the jury did not arrive at their verdict in this manner, no reversible error is shown. See Ingram v. State, 182 S. W. 296, and cases there cited.

ON REHEARING.

**5.—Same—Charge of Court—On Reasonable Doubt—Not Shown.**

Where appellant, in his notice for a new trial for the first time, claims that the trial court in submitting the issue of self-defense failed in connection with the charge thereon to embrace reasonable doubt and thereby committed a fundamental error, this court is unable to agree with his contention. The court gave a proper charge upon the presumption of innocence and reasonable doubt. That the point made does not present fundamental error is demonstrated in Jordan v. State, 91 Tex. Crim. Rep. 371, and numerous cases cited in this opinion.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of an aggravated assault, penalty one year in the county jail and a fine of $500.

The opinion states the case.

*F. M. Scott* of Marshall, for appellant.   On failure to charge on reasonable doubt, appellant cites:

Branch's Ann. P. C., Vol. 1, p. 5, Sec. 11.
Castro v. State, 146 S. W. 553.
Lyons v. State, 159 S. W. 1070.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is aggravated assault and the punishment is one year in the county jail and a fine of $500.

The state's testimony discloses that the difficulty was the result of a drunken row which occurred at the home of the appellant. The injured party was there visiting a young lady, who was living at appellant's home, and his testimony shows that he and appellant took several drinks of corn whiskey and after becoming more or less under the influence of same, appellant conceived the idea of killing the Johnsons, who were his neighbors, armed himself with a Winchester, ostensibly for this purpose. The prosecuting witness sought to deter him from this act and in so doing they became engaged in a scuffle that caused each of them to become more or less skinned up. As a result of this trouble, it seems that appellant became enraged and, arming himself with a knife, stabbed the injured party, according to the state's theory, without any excuse or justification for so doing. The appellant's version of the affair differed in that he claimed that the injured party was the aggressor throughout the affray and, according to appellant's testimony, he stabbed the injured party in self-defense.

The first bill of exceptions complains of the charge of the court. The record fails to show that any objections were filed to the charge of the court before same was read to the jury, and the bill of exceptions attempting to raise this question fails to show that same was taken before the charge was read to the jury. In this condition of the record, the bill shows no error.

By another bill appellant complains at the argument of the private prosecutor in the case. The bill shows on its face that the court sustained appellant's objections thereto and verbally instructed the jury to disregard it. It fails to show that appellant offered any special charge requesting the court to instruct the jury not to consider the argument. The argument complained of was rather lurid, but we cannot say that it was of such nature as to justify a reversal.

Complaint is also lodged at the action of the court in permit-

ting the state to cross-examine the wife of the appellant in regard to matters which appellant contends were not brought out by him on direct examination. Attached to the bill is a narrative of what purports to be the testimony of appellant's wife. This discloses that the matters about which she was cross-examined were inquired into by the appellant on direct examination. Again it may be stated that the bill of exceptions does not recite that the matters complained of were not gone into by the defendant and there is no recitation in the bill from which the court may determine this fact.

Appellant's final complaint is at the action of the court in refusing a new trial on account of the alleged misconduct of the jury in arriving at the verdict by lot. The testimony of the jurors on this matter is preserved in the record and while it discloses that they resorted to this process, it further shows, we think, beyond controversy that the result of the scheme was not adopted by the jury as their verdict. There is certainly testimony found in the record which would warrant the trial court in believing that the jury did not arrive at their verdict in this manner. With the record in this condition, error is not shown. Ingram v. State, 182 S. W. 296, and authorities there cited.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Cirminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that because the court in submitting the issue of self-defense failed in connection with the charge thereon to embrace "reasonable doubt" upon the issue committed fundamental error of which appellant could take advantage upon motion for new trial, although he omitted to file objections to the charge at the time of trial. We have been unable to reach such conclusion. The court gave a proper charge upon the presumption of innocence and reasonable doubt in the next paragraph of his charge. That the point made does not present fundamental error is demonstrated, we think, by Jordan v. State, 91 Tex. Crim. Rep. 371, 238 S. W. 1113; Debth v. State, 80 Tex. Crim. Rep. 4, 187 S. W. 471; Furr v. State, — Tex. Crim. Rep. —, 194 S. W. 395; Wilson v. State, 83 Tex. Crim. Rep. 593, 204 S. W. 321; Bridges v. State, 88 Tex. Crim. Rep. 61, 224 S. W. 1097; Johnson v. State, 88 Tex. Crim. Rep.

136, 224 S. W. 1103; McCanley v. State, 9'7 Tex. Crim. Rep. 1, 259 S. W. 938; Guse v. State, 97 Tex. Crim. Rep. 212, 260 S. W. 852; Andrews v. State, — Tex. Crim. Rep. —, 275 S. W. 1025.

The motion for rehearing is overruled.

*Overruled.*