Alleged errors in charging jury and passing on motion for continuance cannot be considered on appeal, in absence of statement of facts.

Commissioners' Decision.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Melvin Johnson was convicted of the unlawful transportation of intoxicating liquor, and he appeals. Affirmed.

I. N. Williams, of Mt. Pleasant, and B. B. Sturgeon, of Paris, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted in the district court of Titus county for unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

[1] The record discloses that the appellant's motion for a new trial was overruled, and his notice of appeal to this court was given on January 19, 1926, and that at said time the court granted him 90 days after the adjournment of said term of court within which to file his statement of facts and bills of exception. The statement of facts and bills of exception were filed on April 30, 1926, more than 90 days after the notice of appeal was given, which was too late for this court to consider same. Under article 760, C. C. P., statements of fact and bills of exception, filed more than 90 days after notice of appeal is given, cannot be considered by this court. See Bailey v. State (Tex. Cr. App.) 282 S. W. 804. There are many other opinions to the same effect, yet unreported, delivered recently by this court.

With the statement of facts and bills of exception thus eliminated, there are no other questions raised in the record for our consideration.

Finding no error in the record, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. [2] Appellant's motion for rehearing is based upon alleged errors of the trial court in charging the jury and in passing upon the motion for a continuance. The matters raised are such as cannot be appraised by this court in the absence of knowledge of the facts which were before the court in the trial of the case.

The motion is overruled.

---

### McCORD v. STATE. (No. 9997.)

(Court of Criminal Appeals of Texas. April 28, 1926. Rehearing Denied Oct. 20, 1926.)

**1. Criminal law ⊂⟳1091(10).**

Bill of exceptions, failing to show that objections or exceptions were made before charge was read to jury, held to show no error in charge.

**2. Criminal law ⊂⟳866.**

Refusal of new trial on ground that jury attempted to arrive at verdict by lot held not error, where result was not adopted as their verdict.

On Motion for Rehearing.

**3. Criminal law ⊂⟳922(7).**

Failure of court, in submitting issue of self-defense, to charge on reasonable doubt, proper charge on reasonable doubt being contained in next paragraph, held not fundamental error,

available on motion for new trial without trial objection.

Commissioners' Decision.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

William A. McCord was convicted of aggravated assault, and he appeals. Affirmed.

F. M. Scott, of Marshall, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense is aggravated assault, and the punishment is one year in the county jail and a fine of $500.

The state's testimony discloses that the difficulty was the result of a drunken row which occurred at the home of the appellant. The injured party was there visiting a young lady who was living at appellant's home, and his testimony shows that he and appellant took several drinks of corn whisky, and, after becoming more or less under the influence of same, appellant conceived the idea of killing the Johnsons, who were his neighbors, and armed himself with a Winchester, ostensibly for this purpose. The prosecuting witness sought to deter him from this act, and in so doing they became engaged in a scuffle that caused each of them to become more or less skinned up. As a result of this trouble, it seems that appellant became enraged and, arming himself with a knife, stabbed the injured party, according to the state's theory, without any excuse or justification for so doing. The appellant's version of the affair differed, in that he claimed that the injured party was the agressor throughout the affray, and, according to appellant's testimony, he stabbed the injured party in self-defense.

[1] The first bill of exceptions complains of the charge of the court. The record fails to show that any objections were filed to the charge of the court before same was read to the jury and the bill of exceptions attempting to raise this question fails to show that same was taken before the charge was read to the jury. In this condition of the record, the bill shows no error.

By another bill appellant complains at the argument of the private prosecutor in the case. The bill shows on its face that the court sustained appellant's objections thereto and verbally instructed the jury to disregard it. It fails to show that appellant offered any special charge requesting the court to instruct the jury not to consider the argument. The argument complained of was rather lurid, but we cannot say that it was of such nature as to justify a reversal.

Complaint is also lodged at the action of the court in permitting the state to cross-examine the wife of the appellant in regard to matters which appellant contends were not brought out by him on direct examination. Attached to the bill is a narrative of what purports to be the testimony of appellant's wife. This discloses that the matters about which she was cross-examined were inquired into by the appellant on direct examination. Again it may be stated that the bill of exceptions does not recite that the matters complained of were not gone into by the defendant, and there is no recitation in the bill from which the court may determine this fact.

[2] Appellant's final complaint is at the action of the court in refusing a new trial on account of the alleged misconduct of the jury in arriving at the verdict by lot. The testimony of the jurors on this matter is preserved in the record, and, while it discloses that they resorted to this process, it further shows, we think, beyond controversy, that the result of the scheme was not adopted by the jury as their verdict. There is certainly testimony found in the record which would warrant the trial court in believing that the jury did not arrive at their verdict in this manner. With the record in this condition, error is not shown. Ingram v. State, 78 Tex. Cr. R. 559, 182 S. W. 290, and authorities there cited.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. [3] Appellant insists that because the court, in submitting the issue of self-defense, failed in connection with the charge thereon to embrace "reasonable doubt" upon the issue, it committed fundamental error of which appellant could take advantage upon motion for new trial, although he omitted to file objections to the charge at the time of trial. We have been unable to reach such conclusion. The court gave a proper charge upon the presumption of innocence and reasonable doubt in the next paragraph of his charge. That the point made does not present fundamental error is demonstrated we think by Jordan v. State, 91 Tex. Cr. R. 371, 238 S. W. 1113; Debth v. State, 80 Tex. Cr. R. 4, 187 S. W. 341; Furr v. State (Tex. Cr. App.) 194 S. W. 395; Wilson v. State, 83 Tex. Cr. R. 593, 204 S. W. 321; Bridges v. State, 88 Tex. Cr. R. 61, 224 S. W. 1097; Johnson v. State, 88 Tex. Cr. R. 136, 224 S. W. 1103; McCauley v. State, 97 Tex. Cr. R. 1, 259 S. W. 938; Guse v. State, 97 Tex. Cr. R. 212, 260 S. W. 852; Andrews v. State, 101 Tex. Cr. R. 261, 275 S. W. 1025.

The motion for rehearing is overruled.