## McINNIS v. STATE. (No. 12851.)

Court of Criminal Appeals of Texas. Jan. 22, 1930.

W. J. Scott and Wilkinson & Wilkinson, all of Brownwood, and Critz & Woodward, of Coleman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

It is urged in the brief that the charge of the court contains many errors of a fundamental nature. We are unable to agree with this contention. Appellant having made no objections to the charge, and all of his requested instructions having been given, the presumption obtains on appeal that the court's charge met the approval of appellant. Hill v. State, 89 Tex. Cr. R. 450, 230 S. W. 1005. Among other things, article 658, C. C. P., provides: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto

in writing, distinctly specifying each ground of objection."

We quote a part of article 666, C. C. P., as follows: "All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

We quote from Bridges v. State, 88 Tex. Cr. R. 61, 224 S. W. 1097, as follows: "Attacks upon the charge must be made at the time the charge is read to the jury and before the beginning of the argument, and must be in writing. That is statutory. There was no exception taken to the court's charge at the time it was delivered to the jury, and it is too late to raise this question in an assignment of error. Assignments of error have been held by several decisions of this court not to be necessary, and if the point is well taken by an assignment of error it must be of a fundamental nature which would go to the very foundation of the conviction as being wrong. In such event, if the charge was of such character this court would take cognizance of it doubtless when raised for the first time on appeal, but it must be of such a fundamental nature as heretofore decided by this court."

The evidence being sufficient, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.