### T. C. ROSSON v. THE STATE.

*No. 1113.   Decided January 27th, 1897.*

**1.   Indictment—Counts—General Verdict.**

Where an indictment contained two counts, one for theft and one for receiving the stolen property, and the evidence showed that the property was stolen, if not by defendant,.evidently by one L., the court correctly applied a general verdict to the count for receiving the stolen property.

**2.   Same—Theft and Receiving Stolen Property—Charge.**

Where the indictment contained two counts, one for theft and one for receiving stolen property, and defendant was convicted of the latter offense; an error in the charge as to theft, under the first count, could not injure defendant where the charge was correct as to the second count for receiving the stolen property.

**3.   Same—Special Instructions.**

An instruction to the effect, that defendant could not be convicted of theft, unless he participated in the original taking, no matter what connection he may have had with the property thereafter, cannot have any bearing where defendant was convicted of receiving the stolen property and not for theft of the same.

**4.   Same—Circumstantial Evidence.**

An agreement or conspiracy to commit theft may be established by circumstantial evidence, and such an agreement involves the issue of principals.

APPEAL from the District Court of Fannin. Tried below before Hon. E. D. McLELLAN.

Appeal from a conviction for receiving a stolen horse; penalty, five years' imprisonment in the penitentiary.

The evidence tended strongly to show a conspiracy between appellant and one Linn to steal the horse in the Chickasaw Nation. Linn brought the horse from the Chickasaw Nation to defendant's home in Fannin County, Texas, where the horse was seen hidden out. Linn was working as a hired hand for defendant and owned no horse. Gamble, a deputy sheriff, went to arrest the parties; met them in the road about 8 o'clock, p. m. Linn was riding the stolen horse. Gamble told them to consider themselves under arrest for horse theft, when they ran and he shot at them. The next morning he found the horse loose on the side of the road. Defendant and Linn both fled from the country. About a month afterwards defendant was arrested; Linn has never been arrested. There are no bills of exception in the record.

No brief for appellant.

*Nat P. Jackson* and *Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—There are two counts in the indictment, the first charging the theft of a horse in the Chickasaw Nation, the property of Tom Watson, and the second count for receiving the horse from Arthur Linn, knowing the same to have been stolen. Tom Watson's horse was stolen in the Chickasaw Nation; if not by the appellant himself, evidently by Linn. There was a general verdict of guilty. The court applied this verdict to the count for receiving stolen property. This was correct. Counsel for appellant complain in a motion for new trial of the charge of the court. The error (if there be any error, which is very doubtful) was committed in that portion of the charge which had reference to the theft of the horse, that is, with reference to the first count in the indictment, and could not and did not injure appellant with reference to the second count in the indictment. The law applicable to this count was fully and correctly submitted to the jury in the charge of the court. Appellant requested the court to charge the jury that they "could not convict of the theft of the horse unless the evidence showed beyond a reasonable doubt that the defendant participated in the original taking, no matter what connection he may have had with the horse thereafter." In a proper case, this charge should have been given. But, was the rejection of this charge error? It could not have any bearing on this case, because appellant was not convicted for stealing the horse, but for receiving it, knowing the same to have been stolen. Appellant complains of the charge of court because it charges on the law of principals, for, he says, there was no evidence warranting such a charge. This may not have been required on the first count in the indictment; but, evidently, it was demanded under the evidence in support of the second count. These observations apply as well to the charge of the court with reference to an agreement between Linn and defendant to commit the offense of theft. An agreement or conspiracy to steal this horse could be established by circumstantial evidence, and there is some evidence tending very strongly to support this hypothesis. Be this as it may, this conviction and judgment is for receiving the horse, knowing the same to have been stolen. No complaint is made to the charge of the court with reference to this count. The evidence sustains this count beyond any question, and the judgment is affirmed.

*Affirmed.*