SHERMAN SMITH V. THE STATE.

No. 6401.   Decided November 16, 1921.

**1.—Intoxicating Liquor—Several Counts in Indictment—Election by State.**

Where an indictment in separate counts charges several felonies, and the evidence adduced develops distinct transactions, the State should, at the request of the accused, be required to elect upon which count, or transaction, it will seek a conviction. Following McKenzie v. State, 32 Texas Crim. Rep., 569, and other cases; and where this rule was not observed in the instant

90 T. C.—18

case, the same was reversible error. Following Todd v. State, 89 Texas Crim. Rep., 99.

### 2.—Same—Words and Phrases—Possession.

In drawing the Statute the Legislature intended that to convict one charged with the unlawful possession of intoxicating liquor, proof should be made that his relation to it was personal; that he had the actual personal care, control, and management of it. Of course, such possession, through a co-principal or through an innocent agent would come within the purview of the statute.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully possessing intoxicating liquors, etc.; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Connor & Ramey,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Appellant was indicted in separate counts for the unlawful possession of intoxicating liquor, the unlawful manufacture of intoxicating liquor, and for the unlawful possession of equipment for making intoxicating liquor.

The court instructed the jury upon each of these counts, and, upon the verdict of the jury, appellant was convicted of unlawfully possessing intoxicating liquor and of unlawfully manufacturing intoxicating liquor.

Appellant made a timely motion to require an election between the counts, and complains of the refusal of the court to grant this motion. When an indictment, in separate counts, charges several felonies and the evidence adduced develops distinct transactions, the state should, at the request of the accused, be required to elect upon which count or transaction it will seek a conviction. McKenzie v. State, 32 Texas Crim. Rep., 569. There are many apparent exceptions to this rule, for example: where the same transaction is charged in a number of different counts; where the same transaction or offense is charged in different counts, each alleging a different mode or means of doing the same act. Moore v. State, 37 Texas Crim. Rep., 552. Other instances in which an election is not required are revealed by the authorities, but upon the present occasion, we deem a discussion of them unnecessary.

The verdict ran thus: "We, the jury, find the defendant guilty as charged and assess his punishment at confinement in the State Penitentiary for a term of two (2) years."

He was charged with three separate offenses. Todd v. State, 229 S. W. Rep., 515. Upon this verdict the court entered a judgment of conviction for the offenses of manufacturing and possessing intoxicat-

ing liquors. The court is without authority to enter judgments save in accord with the verdict. Code of Crim. Proc., Art. 853; Vernon's Crim. Statutes, vol. 2, p. 848. While this court, in a proper case, has power to reform the judgment to coincide with the verdict (Code of Crim. Proc., Art. 938) to do so, in the instant case, would make the judgment convict the appellant of three distinct offenses and thereby do violence to his rights to an election, which was by him duly asserted and by the trial court denied. Moreover, neither the trial court nor this one could convict appellant of more than one offense under the indictment.

The unlawful possession of intoxicating liquors is a felony when possessed for sale, and the unlawful manufacture of intoxicating liquors is a felony. The two do not necessarily constitute the same act. The possession may be entirely independent of the manufacture and the possession of equipment may likewise be entirely independent of the possession of intoxicating liquor or the manufacture thereof. It seems to us that the case is one calling for an election.

The court, in its charge, defines "possess" thus: "By the term 'possess,' as used in this charge, is meant that the party possessing, or having possession, must have such liquor or equipment in his possession, that is, under his management, supervision, or control."

Exception was urged against this charge and a corrective special charge submitted. It is urged that the definition of "possess" is broader than the legislative intent and was calculated to convey to the jury the idea that not personal possession was required but that constructive possession would suffice. Since the passage of the statute upon which the prosecution is founded, but few occasions have arisen calling for an interpretation of the legislative intent in making it unlawful to "possess" intoxicating liquor. In Thomas v. State, recently decided, 232 S. W. Rep., 826, the trial court construed the language to mean "the exercise of actual control, care and management." No more appropriate definition was suggested by special charge and this court held the definition not obnoxious to any objection that was made to it. Possession and ownership are not entirely synonymous. The possession of intoxicating liquor contemplated by the statute in question would seem to be more intimately personal that that which relates to the possession of a special owner of property in prosecutions for theft. In those prosecutions the special owner is defined as one having actual control, care and management of the property. See Branch's Ann. Texas Penal Code, Sec. 2434. We think that in drawing the statute, it was intended that to convict one charged with the unlawful possession of intoxicating liquor, proof should be made that his relation to it was personal, that he had the actual personal care, control and management of it. Of course, such possession through a co-principal or through an innocent agent would come within the purview of the statute. In the instant case, in our judgment, the court, in response to the objections made to the defini-

tion contained in his charge, should have so amended it that the jury would understand therefrom that the possession related to a personal and not to a constructive control.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*