CHARLEY BANKS v. THE STATE.

No. 6883.    Decided December 20, 1922.

## 1.—Intoxicating Liquor—Statutes Construed—Election by State.

Where, upon trial of a violation of the Dean law, the indictment contained three counts, one for unlawful possession, one for unlawful manufac-

ture, and one for unlawful possession of equipment, and after the charge was read to the jury and argument begun, counsel made a verbal motion requiring the State to elect, which was overruled, the same was reversible error. Distinguishing Bozier v. State, 334 S. W. Rep., 666.

### 2.—Same—Rule Stated—Election by State—Charge of Court.

No inflexible rule as to when the right to demand an election first arises or when it ceases can be laid down, although the general rule is that the motion should be made before the defendant enters upon his evidence. However, in the instant case, the court should have withdrawn his charge submitting all three offenses and either required the State to elect or should have amended his charge, so as to direct the jury to specify in their verdict of which offense they convicted him.

### 3.—Same—Separate Offenses—Election by State.

Whatever the purpose of the pleader in inserting various counts in the indictment charging a felony is, the authorities make it plain that where a defendant is protesting, he cannot be convicted of more than one felony under such an indictment.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of a violation of the Dean liquor law; penalty, one year, imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey,* and *Jesse M. Brown,* District Attorney, for the State. —On question of election: Luhn v. State, 44 Texas, 85; Dalton v. State, 4 id., 335; Simms v. State, 10 Texas Crim. App., 159; Blackwell v. State, 51 Texas Crim. Rep., 25.

HAWKINS, JUDGE.—A penalty of one year in the penitentiary was assessed against appellant.

The indictment contained three counts: the first charged the unlawful possession of intoxicating liquor: the second charged the unlawful manufacture of such liquor: the third, unlawful possession of equipment for such manufacture. The prosecution was instituted and the trial had when the acts alleged, were all felonies before the amendment to what is known as the "Dean Liquor Law" passed by the Thirty-seventh Legislature became effective. The court submitted all three counts to the jury, not requiring them, in the event they convicted, to specify of which offense they found appellant guilty. After the charge was read to the jury and argument begun counsel for appellant made a verbal motion requiring the State to elect for which alleged offense it would seek a conviction. The motion was overruled because in the opinion of the trial judge it came too late. A general verdict of guilty was returned and thereupon judgment was rendered adjudging appellant guilty of all three offenses.

The State contends that the motion to elect come too late, and notwithstanding the act charged in the third count is no longer an offense,

and the first count is defective in not alleging the possession was for the purpose of sale, that the judgment should be reformed by this court to apply to the second count for "manufacture" only. In support of this proposition we are referred to Rozier v. State, 90 Texas Crim Rep., 337. The record in that case failed to show any request for an election made at any time in the lower court, the question being raised for the first time in this court. Unless the request for election in the present case came at such a time that we are authorized to disregard it entirely Smith v. State, 90 Texas Crim. Rep., 273, is directly in point and calls for a reversal. No inflexible rule as to when the right to demand an election first arises on when it ceases can be laid down for the very good reason stated by Mr. Bishop in his (Criminal Procedure, Vol. 1, Sec. 462) that it is largely a matter of judicial discretion and "because it is difficult to reduce discretion to rule, and partly because judicial opinions on such a subject cannot in the nature of things be in complete harmony."

The general rule is that the motion should be made before the defendant enters upon his evidence. Blackwell v. State, 51 Texas Crim. Rep., 24; (Bishop's Crim. Proc., Vol. 1, Sec. 461; Wharton's Crim. Proc., Vol. 1, Sec. 346). The trial court was evidently controlled by this rule in denying the election because the request came after argument had begun. Appellant certainly could not be convicted of the three distinct felonies charged against him. The motion to elect after the charge was read to the jury was a delayed exercise of his right, but it directed the court's attention to the matter complained of by appellant, and we are not inclined to hold that he should be denied this right because of his failure to present his motion when the prosecution closed its evidence. We have a judgment before us in which appellant has been convicted of three separate and distinct felonies which were offenses at the time of the trial. When the motion to elect was made we believe the trial court should have withdrawn his charge from the jury and either required the State to elect for which offense they would seek a conviction, or, if under the facts an election was not required, he should have amended his charge so as to direct the jury to specify in their verdict of which offense they convicted, if any. We think the Smith case (*supra*) controls, rather than that of Rozier (*supra*).

Many cases are reaching this court under prosecutions for violation of the present liquor laws where the right of election as between independent felonies charged in separate counts is ignored, and some, as in the instant case, where convictions are for more than one distinct felony. It has been so short a time since violations of liquor laws in our State were misdemeanors—(in which a different rule obtains with reference to elections, see Branch's Ann. P. C., page 233)—it appears to be difficult to realize in dealing with charges for such violations under our present statute that they are felonies, and must be treated and tried accordingly. This is our excuse for adverting to the matters hereafter mentioned. It is not thought necessary to review the general question

of election. The rules are well stated and distinctions clearly drawn by
Mr. Branch in his Annotated Penal Code, Section 444, pages 232-233-
234. In Keeler v. State, 15 Texas Crim. App., 111, Judge Hurt was
discussing a case where no election could properly have been required,
but with reference to conviction of more than one offense, he says:

"Now, upon the trial under such an indictment, the State will not be
required to elect upon which count the defendant shall be tried. Upon
such an indictment the defendant is tried upon all the counts, and the
jury should be instructed by the court that, if not guilty of the theft, they
should then consider the case as made by the court for embezzlement
and the evidence relating thereto, and determine his guilt of that of-
fense; and so on through all of the counts, supported by evidence, or
which the evidence tends to support, *instructing the jury so that they
should find the defendant guilty of but one offense.*"

See, also, Baker v. State, 25 Texas Crim. App., 1; Dalton v. State,
4 Texas Crim. App., 334; Masterson v. State, 20 Texas Crim. App.,
574; Parks v. State, 29 Texas Crim. App., 597; McKenzie v. State, 32
Texas Crim. Rep., 568; Collins v. State, 77 Texas Crim. Rep., 156. In
Crawford v. State, 31 Texas Crim. Rep., 51, the court was considering
the very question of conviction for more than one felony under one
indictment containing several counts; we copy as follows from that
opinion:

"Can defendant be convicted of two felonies under the same in-
dictment, and be punished for each? The learned judge admits in his
argument that there is no precedent for such a proceeding as the one
at bar to be found in the Texas decisions, nor, indeed, can any well
considered case be found in any state, except in those courts in which
the judge assesses the punishment, and where he is limited in the ag-
gregate to the highest punishment that can be given upon any one
count. We have no such law in Texas. . . .

"Where two or more felonies are charged in the same indictment,
the presumption is, they are parts of the same transaction, and are to
be submitted to the jury, *there can be but one conviction,* which, as it
were, appropriates the guilty intent which runs through and connects
these several acts or offenses and makes them one." . . .

The opinion quotes with approval from the well considered case of
State v. Lincoln, 49 New Hampshire, 471, as follows:

"Where different offenses are joined in one indictment, the prose-
cutor will not be compelled to elect at the outset, for that would take
away all the advantage of adapting the indictment to the contingencies
of the evidence; but the court will always take care that the defendant
is not convicted of *two offenses* under the same indictment."

Further quoting:

"In the Miller case, 16 Texas Court of Appeals, 417, Judge Willson,
in responding to the question, 'In an indictment charging both burglary
and theft, can a conviction and punishment be sustained for each of-
fense?' replies, 'No,' because the burglary would include the theft, and

he reversed the case. He held it was no objection to the indictment that it charges both burglary and theft, but when so charged a conviction cannot be had for *both* offenses, and a separate punishment assessed for each, or a joint punishment for both."

In Carr v. State, 36 Texas Crim. Rep., 3, we find this language:

"In this case the court submitted both counts to the jury, and the evidence fully supports both; and, the verdict being general, the court could enter judgment upon *either*. But for the *inhibition* in felony cases, a judgment could have been entered upon both counts."

Whatever the purpose of the pleader in inserting various counts in an indictment charging a felony (and the practice is a good one and to be commended) the authorities make it plain that where a defendant is protesting, he cannot be convicted of more than one felony under such an indictment. Sometimes it may occur, as in Blackwell v. State, 51 Texas Crim. Rep., 24, that accused demands no election and makes no protest at conviction for various felonies charged in the indictment on the theory, perhaps, that a plea of former conviction or acquittal would avail him in bar of further action on any act or offense included in the indictment; but when the trial court's attention is called to the matter by motion to elect, requested charges, or in any other proper way, accused may not be convicted of two or more felonies upon one trial, under one indictment. This is the principle we are stressing in order to. correct, what appears to be a somewhat prevalent and erroneous practice.

For the reasons heretofore given the judgment must be reversed and the cause remanded.

*Reversed and remanded.*