## Opie Hooper v. The State.

### No. 7098.  Decided April 25, 1923.

1.—Unlawful Possession of Intoxicating Liquor—Election by State..

Where the indictment charged unlawful possession for the purpose of sale of spiritous, vinous, and intoxicating liquors, and another count in said indictment charged the possession of the same kind of liquor containing in excess of one per cent of alcohol by volume, and was supported by the same evidence, there was no error in the court's refusal to require the State to elect.  Following Banks v. State, 246 S. W. Rep., 376, and other cases.

2.—Same—Separate Offenses—Different Counts in Indictment—General Verdict.

Where the defendant was convicted in the instant case upon the same indictment and on the same trial with two offenses, both of w,hich are felonies:  *Held*, that while it was permissible for the court to refuse to require the State to elect between the counts, he should have charged the jury to designate in their verdict the count upon which a conviction was founded, and should have informed them that they should· not convict upon both counts, and in the absence of the minimum punishment, the same is reversible error.  Following Smith v. State, 90 Texas Crim. Rep., 273, and other cases.

3.—Same—Statutes Construed—Amendment—Suspended Sentence.

The amendment of Chapter 78, Acts of the Thirty-sixth Legislature, Second Called Session, by the enactment of Chapter 61, Acts of the Thirty-seventh Legislature, First Called Session, did not have the effect of repealing section 1, of said Chapter 78, relating to the unlawful possession of intoxicating liquor for the purpose of sale or denying the benefits of the suspended sentence law to persons under twenty-five years of age.

4.—Same—Negativing Averments.

Since the enactment of Chapter 61, Acts of the Thirty-seventh Legislature, First Called Session, the law does not require that where the manufacture, sale or· possession of intoxicating liquor is permitted, the indictment charging the violation of the so-called Dean Law must contain an averment that the act was not for medicinal, mechanical, scientific, or sacramental purposes. Following Crowley v. State, 92 Texas Crim. Rep., 103, and other cases.

Appeal from the District Court of Bastrop.  Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of the unlawful possession of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey*, Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

There were two counts in the indictment: one charging the unlawful possession, for the purpose of sale, of spirituous, vinous and intoxicating liquors; the other charging the possession of spirituous, vinous and intoxicating liquors, containing in excess of one per cent of alcohol by volume. These were proved by the same evidence, and we think there was no error in the court's refusal to require the State to elect as between the counts. See Banks v. State, 93 Texas Crim. Rep. 117, 246 S. W. Rep. 376; Smith v. State, 90 Texas Crim. Rep. 273, 234 S. W. Rep. 893; Vernon's Tex. Crim. Stat., Vol. 2, p. 245, note 33; Bishop's New Crim. Proc., Vol. 1, Sec. 457, p. 376.

In the court's instruction to the jury, they were authorized to find appellant guilty on each of the counts in the indictment, and the jury found a general verdict of guilty assessing the punishment at confinement in the penitentiary for a period of two years.

Section 1 of the so-called Dean Law (Art. 588¼, Vernon's Ann. P. C., Sup. 1922) permits the possession of liquor capable of producing intoxication except for the purpose of sale. Section 2 forbids the possession of any spirituous, vinous or malt liquor which contains an excess of one per cent. of alcohol by volume for the purpose of sale. These sections denounce separate offenses. In a prosecution under Section 1, it is essential that the liquor possessed be intoxicating, but in a prosecution under Section 2 it is not necessary that the liquor be intoxicating. It is sufficient if it is shown to contain an excess of one per cent. of alcohol. The distinction between the two offenses was pointed out by this court in the case of Estell v. State, 91 Texas Crim. Rep. 481. Therefore, the appellant in the instant case stands convicted upon the same indictment and on the same trial with two offenses, both of which are felonies. As above stated, it was permissible for the court to refuse to require the State to elect between the counts, but he should have told the jury to designate in their verdict the count upon which the conviction was founded, and should have conveyed to them the information that they were not to convict the appellant upon both counts. As the matter stands, if appellant had been given the minimum punishmenet, the error might not be important, but he has received double the minimum punishment, and there is no method by which this court can determine whether the punishment would have been the same had the jury known that they could convict upon but one count. The same question was before this court in the case of Smith v. State, 90 Texas Crim. Rep. 273, also in Banks v. State, 93 Texas Crim. Rep. 117, 246 S. W. Rep. 377; Rozier v. State, 90 Texas Crim. Rep. 337, and because of the error pointed out, this cause, like those, must be reversed.

The amendment of Chap. 78, Acts of the thirty-sixth Legislature, 2nd Called Session, by the enactment of Chap. 61, Acts of the thirty-

seventh Legislature, 1st Called Sess., did not have the effect of repealing Sec. 1 of Chap. 78 relating to the unlawful possession of intoxicating liquor, but both before and since the enactment of said amendment, the possession of intoxicating liquor for the purpose of sale is an offense. See Ex parte Mitchum, 91 Texas Crim. Rep. 62. Nor were the provisions of Chap. 61, supra, denying the benefits of the suspended sentence law (Art. 865b, C. C. P.) to persons over twenty-five years of age who violated the provisions of Chapters 78 and 61, supra, void. Davis v. State, 93 Texas Crim. Rep. 192, 246 S. W. Rep. 395. Since the enactment of Chap. 61, supra, the law does not require that where the manufacture, sale or possession of intoxicating liquor is permitted, the indictment charging the violation of the so-called Dean Law must contain an averment that the act was not for medicinal, mechanical, scientific, or sacramental purposes. Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep. 472; Travinio v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242.

In the other questions presented we have found no merit.

Because of the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*