ERSKINE WILLIAMS LUMBER COMPANY v. BURGESS.

Opinion delivered June 18, 1923.

1. PRINCIPAL AND AGENT—REVOCATION OF AUTHORITY.—Where an agent's authority is not coupled with an interest, nor created for a definite period, it is terminable at the will of the principal.

2. PRINCIPAL AND AGENT—REVOCATION OF AUTHORITY.—A contract by which exclusive authority is given to an agent to sell lumber without unreasonable delay is a contract for a definite period and is not revocable.

3. CONTRACTS—CONSTRUCTION—CLERICAL MISPRISION.—Where a contract provided that an agent should sell certain lumber "without reasonable delay", the word "reasonable" is an obvious error, "unreasonable" being intended.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*C. W. Norton,* for appellant.

Appellant's agency contract was coupled with an interest, and for a definite time, and not revocable at the will of its principal. 8 Wheat., 174, 5 Dec. Sup. Ct. 379; 2 C. J. 530, 533-5, 563. Appellants had the exclusive right to sell the lumber within the prescribed period— the time it could be disposed of "without unavoidable delay, market conditions considered." 89 Ark. 421; 91 Ark. 212; 96 Ark. 23. Appellees could indirectly terminate the contract.

*Mann & Mann* and *Daggett & Daggett,* for appellees.

The agency created by the contract did not exist for a definite period of time, and was revocable at the will of the principal. 137 Ark. 23; 4 R. C. L. 2535. Revocation must be made in good faith. 24 R. C. L. 283, § 8. The contract did not constitute a power coupled with an interest. 21 R. C. L. 824; 52 L. R. A. (N. S.) 255. Neither did the agent have any interest in the lumber. Mechem on Agency, § 204. The contract shows there was no intention to create an irrevocable agency. 138 S. W. (Mo.) 36.

*C. W. Norton,* in reply.

It was manifestly the intention of the parties that the agency should exist till the lumber could be sold, market conditions considered. 6 R. C. L. 849, 835, note 225. This case comes within the exception to the rule as shown in 138 S. W. 36, cited by appellees. 84 Ark. 462; 106 Ark. 543; 111 Ark. 195. No notice of revocation was given appellants. 4 R. C. L. 253; 49 L. R. A. (N. S.) 998, note; 9 C. J. 519-520, § 22.

McCULLOCH, C. J. Appellant is a corporation engaged in the lumber business in the city of Memphis. Appellees are engaged in the business of manufacturing lumber for sale at or near the town of Hughes, in St. Francis County, Arkansas. Appellees had a large quantity of lumber stacked on their yard, and they entered into a written contract with appellant whereby appellant was authorized to sell lumber on the market, at prices to be approved by appellees, for a commission of ten per cent. upon the prices received. The contract described the lumber as 200,000 feet of lumber bulked down at Hughes, St. Francis County, State of Arkansas, and also about 500,000 feet of lumber "now on sticks on the mill yard of first party, about six miles south of Hughes." The contract recites that, in consideration of its execution, appellant agreed to advance to appellees as a loan the sum of $4,000, to be evidenced by note due April 6, 1921, bearing interest; and it further recites that "it is mutually agreed that first party (appellees) hereby gives the second party (appellant) the exclusive sales agency or right to sell certain lumber described as follows, to-wit." The contract does not expressly name a date for its expiration, nor a definite time limit, but it provides that appellant should sell, without reasonable delay, "market conditions considered, all of the above described lumber, as soon as he can obtain orders therefor, said lumber to be sold upon orders at such prices as are approved by first party." There are further provisions in the contract to the effect that sales

of lumber should be credited on the said note of appellees until the same be paid, and that thereafter the net proceeds of sales be remitted to appellees. The contract also provides that appellant will guarantee payment on all lumber sold.

This action was instituted by appellant against appellees to recover damages for breach of the contract. It is alleged that, after a certain amount of lumber was shipped and sold and applied on the debt of appellees to appellant, appellees refused to ship any more lumber. The action is to recover commissions which would have been earned on the sale of the remainder of the lumber. The contract was exhibited with the complaint.

Appellees answered, denying all the allegations of the complaint, and, upon the issues formed, there was a trial, and testimony was introduced by appellant, but the court gave a peremptory instruction in favor of appellees, and judgment was accordingly rendered against appellant.

Counsel for appellees defend the judgment on the ground that the authority conferred on appellant in the contract was revocable, and that it constituted no breach of the contract to revoke it by a sale of the remainder of the lumber to other parties.

The contract, in express terms, confers an exclusive agency to sell, but it is contended that even this feature of the contract does not render it irrevocable unless a time limit is fixed for performance, or the authority is coupled with an interest.

It is conceded to be the rule that, where authority as an agent is not coupled with an interest, nor created for a definite period, it is terminable at the will of the principal. 2 C. J., pages 533, 534; 1 Mechem on Agency, § 570.

Counsel on each side argue with much zeal the question as to what constitutes a consideration or an interest coupled with the authority, but we have concluded that this case can be determined upon the question that a

definite time was fixed in the contract for its perform-
ance. It is not required that the time of performance
be fixed in express words, but, if the necessary result
of the authority given is to fix a period for its exercise,
then the contract, which is, in terms, exclusive, cannot
be revoked. Our conclusion is that this contract, by its
own terms, fixes a time within which it must be per-
formed. In the first place, the subject-matter of the
contract is merchantable chattels, which, according to
the terms of the contract, are to be expeditiously and
without unreasonable delay sold upon the market. This
contemplates an immediate and continuous effort to sell
the property on the market, and the language can only
be construed to mean that it should extend until the
property should be sold. The time of performance is
not fixed in days and months, but it is ascertainable
from the terms specified in the writing. In other words,
the contract does not itself specify the time for its per-
formance, but it furnishes the means for its ascertain-
ment, that is, say, an opportunity to sell on the market
within a reasonable time. We are of opinion therefore
that the contract is valid, and that a sale to another
party by appellees, within the time afforded under the
contract to appellant to make sale, constituted a breach
of the contract, for which appellant was entitled to re-
cover commissions.

Of course, the question whether or not appellant pro-
ceeded expeditiously towards the sale of the lumber, or
whether there was an unreasonable delay, are questions
of fact to be determined by a trial jury. This was taken
away from the jury by the court's peremptory instruc-
tion.

There is another feature of the case which should
be mentioned, and that is, the interpretation of the fol-
lowing language of the contract: "Second party agrees
to sell, without reasonable delay, market conditions con-
sidered, all of the above described lumber as soon as
he can obtain orders therefor, said lumber to be sold

upon orders at such prices as are approved by first party."

The use of the word "reasonable" is an obvious error, as it is evident that the word "unreasonable" was intended. In disposing of the case we have treated the contract as if it read "without unreasonable delay."

The judgment is therefore reversed, and the cause remanded for a new trial.