## Ernest Guse v. The State.

No. 7075. Decided October 17, 1923.

Rehearing denied April 9, 1924.

### 1.—Unlawful Sale of Intoxicating Liquor—Evidence—Expert.

The qualification of an expert to express an opinion is generally regarded as being within the judicial discretion of the trial court, to be reviewed only when the discretion is abused. Following: Bratt v. State, 38 Texas Crim. Rep., 121, and other cases. And a technical knowledge is not required in the instant case. Following: Cathey v. State, 252 S. W. Rep., 534.

### 2.—Same—Defendant as a witness—Cross-Examination.

While on the witness stand appellant said that he had not been before the grand jury in several years, and that he had not sold liquor to boys, which was in reply to questions propounded to him on cross-examination, and there was no reversible error.

### 3.—Same—Evidence—Argument of Counsel.

Where the testimony of the mother of appellant showed that the second story of the building in which appellant conducted his business was used as a dwelling, etc., there was no error in the remark of the State's counsel that appellant was raised over a saloon.

### 4.—Same—Interruption of Counsel, by Third Party.

Where appellant's counsel, in the course of his argument, said that he exonerated the sheriff with reference to a conspiracy to induce appellant to violate the law, and the sheriff interrupted the counsel by saying in the presence of the jury, "No, neither has John Soto," and the judge reprimanded the sheriff and instructed the jury to disregard the sheriff's statement, there was no reversible error, under the facts of the instant case.

### 5.—Same—Suspended Sentence Law.

Section 2 of Chapter 61, Acts of the Thirty-seventh Legislature, First Called Session does not offend against article 3, section 35 or section 36 by withholding the privileges of the suspended sentence law from those transgressors of that chapter whose ages exceed twenty-five years. Following: Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep., 395.

### 6.—Same—Constitutional Law—State and Federal Legislation.

The authority of the State to enact sections 1 and 2 of chapter 78, Acts of the Thirty-sixth Legislature, Second Called Session, and Chapter 61, Acts of the Thirty-seventh Legislature, First Called Session, was upheld by this Court in Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and by the Supreme Court of the United States in Chandler v. State, 67 U. S. Rep., L. Ed. 272.

### 7.—Same—Election by State—Separate Counts in Indictment.

Where the separate counts in the indictment related to but a single transaction, and the evidence developed but one, there was no error in refusing to require the State to elect as between the counts, and while the court should have instructed the jury that in the event of a conviction they should designate the count upon which it was based, yet there being nó re-

quest of the court to do so, and the evidence being applicable to both counts and the lowest penalty assessed, there is no reversible error. Following: Rozier v. State, 90 Texas Crim. Rep., 339.

8.—Same—Rehearing—Written Exceptions—Charge of Court. .

Where the only written exceptions to the charge of the court found in the record on appeal is upon an entirely different ground than those now urged in the motion for rehearing, this court declines to review the same as presented.

Appeal from the District Court of Bastrop. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Page & Jones, T. H. McGregor,* and *A. L. Love,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of indictment and general verdict: Cooper v. State, 147 S. W. Rep., 275; Zweig v. State, 171 id., 751; Collins v. State, 178 id., 349; Burciago v. State, 88 Texas Crim. Rep., 576.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant had kept for some time a cold-drink business in which he openly sold a liquid called cider at twenty-five cents per drink and one dollar per pint. The article had been purchased by the appellant, according to his testimony, under an assurance or guarantee that it was non-intoxicating. The prosecution is founded upon the sale of a bottle of the liquid to Arispe, a Mexican. An analysis of the fluid revealed that it contained thirteen per cent alcohol, and there was evidence to the effect that it was intoxicating. Whether the alcoholic content was due to fermentation without his knowledge after he acquired the liquid was an issue upon which there was conflicting evidence. The witness who made the analysis gave testimony showing his qualification as an expert, but said that he made no analysis other than to determine the amount of alcohol. Objection was urged against his opinion that the fluid was not fruit cider, but diluted alcohol flavored with artificial fruit-flavoring extract. He testified to his knowledge of the odor of Amyl Acetate, a chemical used in making such fruit extracts, and that the liquid had a strong odor of such chemical; that from his knowledge of the odor and his familiarity with the liquid given him for examination in his efforts to learn whether it contained alcohol, he entertained the opinion that

the contents of the bottle analyzed by him was not fruit cider and also stated that fruit cider would generate alcohol unless sterilized, while the artificial article would not. The qualification of an expert to express an opinion is generally regarded as being within the judicial discretion of the trial court, to be reviewed only when the discretion is abused. Wharton's Crim. Ev., Secs. 408-409; Wigmore on Ev., Vol. 1, Sec. 561; Bratt v. State, 38 Texas Crim. Rep., 121; Holder v. State, 81 Texas Crim. Rep., 197. In regard to the intoxicating character of a given liquid shown to contain ardent spirits, the precedents indicate that a technical knowledge is not required, but that one who has examined the article and is familiar with its taste and smell may state its character. See Carson v. State, 69 Ala., 240; Cathey v. State, 94 Texas Crim. Rep., 599; 252 S. W. Rep., 534. In receiving the testimony mentioned, the court, in our opinion, was not in error.

While on the witness stand, appellant said that he had not been before the grand jury several years ago, and that he had not sold liquor to boys. This was in reply to questions propounded to him on cross-examination, and in view of the negative reply, no harmful error appears.

The testimony of the mother of appellant went to show that the second story of the building in which appellant conducted his business was used as a dwelling by her and her husband, and that it had long been so occupied; that the building belonged to appellant's father and mother and that the business formerly belonged to them, but had been sold to appellant, and that no whisky had been sold in it since the saloon was there.

The remark of counsel in argument that appellant was raised over a saloon was not without basis in the evidence which, on appellant's behalf, his mother gave.

Soon after the liquid was sold to Arispe, he was accosted by Soto, a deputy sheriff, and the bottle of liquid was taken from him and delivered to the sheriff. Appellant's witness Steyman testified that Soto, a short time before the sale was made to Arispe, had asked appellant to sell him a drink with a "kick in it", and that appellant said he had no liquor of that kind. Soto did not deny this. Appellant's counsel, in arguing the case before the jury, availed himself of these circumstances to impress the jury with the view that Soto and another Mexican had conspired to induce appellant to violate the law by making a sale of intoxicants to Soto, and that on the failure of that device, had sent Arispe and his Mexican associate to appellant to entrap him. In the course of this argument counsel said that he exonerated the sheriff because he had no knowledge of the scheme, whereupon the sheriff interrupted the counsel and said in the presence of the jury: "No, neither has John Soto." The judge reprimanded the sheriff and instructed the jury to disregard

his statement. The impropriety of the sheriff's conduct and that he merited a reprimand seems obvious, but the probability of injury to appellant is not clear. Probability of injury is essential to vitiate the verdict because of the conduct of bystanders. Branch's Ann. Tex. P. C., p. 213; Buchanan v. State, 41 Texas Crim. Rep.. 131; Corpus Juris, Vol. 16, p. 1176. The status of the evidence is such that neither the act nor the testmony of Soto is important. The sale of the liquid is conceded. The appellant's reliance was on the want of sufficient proof that the liquid sold was intoxicating and on a mistake of fact touching the intoxicating nature of the liquid. See Patrick v. State, 45 Texas Crim. Rep., 587; Martin v. State, 57 Texas Crim. Rep., 150; also note, L. R. A. (N. S.) Vol. 6, p. 480.

No complaint is found of the manner in which the issues of fact were submitted to the jury. Whether Soto designed or conspired to cause appellant to sell intoxicants produces no legal consequence of which this court is aware. If Soto had purchased the liquor, he would have been guilty of no offense, nor would he have been an accomplice witness. The statutes so declare. See Lamm v. State, 94 Texas Crim. Rep., 560, 252 S. W. Rep., 353; Acts of 37th Legislature, 1st Called Sess., Chap. 61, Sec. 2c.

Section 2d of Chap. 61, supra, does not offend against Art. 3, Sec. 35 or Sec. 36, by withholding the privileges of the suspended sentence law (Art. 865b, C. C. P.) from those transgressors of that chapter whose ages exceed twenty-five years. Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W., 395.

The authority of this State to enact Secs. 1 and 2 of Chap. 78, Acts of the Thirty-sixth Legislature, 2nd Called Sess., and Chap. 61, Acts of the Thirty-seventh Legislature, 1st Called Sess., was upheld by this court in Ex parte Gilmore, 88 Texas Crim. Rep., 529, and by the Supreme Court of the United States in Chandler v. State, U. S. Rep., 67 L. Ed. 272, both holding that the Act of Congress in 41st Stat. at Law, Chap. 85, known as the Volstead Act, was not an impediment to the State enacting and enforcing laws covering the same subject.

The indictment, in separate counts, charged that appellant sold spirituous liquor capable of producing intoxication and that he sold potable liquor containing more than one per cent of alcohol by volume to Hernan Arispe. Both counts were submitted to the jury. There was a general verdict upon which the court entered a judgment of conviction upon both counts.

Appellant, in a timely manner, requested the court to require the State to elect as between the counts. The separate counts related to but a single transaction, and the evidence developed but one. Under such conditions, there was no error in refusing to require the State to elect as between the counts. Gonzales v. State, 12 Texas Crim. App., 663, and other cases collated in Branch's Ann.

Texas P. C., Sec. 444, page 233; Hooper v. State, 94 Texas Crim. Rep., 278, 250 S. W. Rep., 694. If the evidence had shown different transactions, a different rule might have applied. Fisher v. State, 33 Texas, 792, and other cases in Branch's Ann. Texas P. C.. Sec. 233; Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W. Rep., 377. The court should have instructed the jury that in the event of conviction, they should designate in their verdict the count upon which the conviction was based. Knott v. State, 247 S. W. Rep., 520; Zilliox v. State, 93 Texas Crim. Rep., 301, 247 S. W. Rep., 523; Wimberley v. State, 94 Texas Crim. Rep., 252, 249 S. W. Rep., 497; Huffhines v. State, 94 Texas Crim. Rep., 292, 251 S. W. Rep., 229; Nowells v. State, 94 Texas Crim. Rep., 571, 252 S. W. Rep., 550; Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W. Rep.; 377; Hooper v. State, 94 Texas Crim. Rep., 278, 250 S. W. Rep., 694; Smith v. State, 90 Texas Crim. Rep., 273. There was no request of the court to do so, and because of the criminating evidence being applicable to both counts and the lowest penalty having been assessed, the failure to require the jury to designate the count upon which the conviction was found would not alone justify a reversal. Rozier v. State, 90 Texas Crim. Rep., 339, and cases therein cited.

Finding no error, the judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### April 9, 1924.

HAWKINS, Judge.—Appellant devotes several pages of his motion for rehearing to a criticism of the court's charge. The only written exception to the charge found in the record is upon an entirely different ground than those now urged in the motion. Under present Articles 735 C. C. P. requiring objections to the charge to be in writing "distinctly specifying each ground of objection," and the uniform holdings construing this law, we are constrained to decline a review of the objections otherwise presented. The same may be said of appellant's insistence that one of his defenses, viz: that the alcoholic content in the liquor would increase by age,—was not submitted to the jury. No objection in writing was made because of such omission from the charge, neither was any special charge requested supplying it. All other matters called to our attention in the motion were fully considered and discussed in our former opinion. We have again examined them in view of the motion however, and believe them to have been correctly disposed of.

The motion is overruled.

*Overruled*