## F. C. COURSEY v. THE STATE.

### No. 8081. Decided March 5, 1924.

### Rehearing denied April 16, 1924.

**1.—Selling Intoxicating Liquor—Different Counts—Practice in Trial Court.**

Where both counts in the indictment were submitted to the jury who returned a general verdict and this was applied by the court to the count charging the selling of intoxicating liquor, there is no reversible error. Following: Rambo v. State, recently decided.

**2.—Same—Purchaser—Intoxicant.**

Where the witness who purchased from appellant testified that he bought and paid for the whisky, it is not necessary to show that the whisky was an intoxicant.

**3.—Same—Rehearing—Indictment—Verdict—Rule Stated—One Transaction.**

Where appellant was charged in one count in the indictment with the sale of intoxicating liquor and in the other with the delivery of the same, and the evidence showed only one transaction, there was no need for election by the State, and the court properly charging on the sale of liquor, and the jury finding him guilty thereof, and the court applying same to the count charging the sale of the liquor, and there being no complaint thereof in the court below, there is no reversible error. Following: Alexander v. State, 31 Texas Crim. Rep., 359, and other cases.

**4.—Same—Decisions Reviewed—Two Offenses—Verdict.**

An inspection of the decisions presented by the appellant shows they are not in point, as they reveal that either the judgment or sentence therein fixed the guilt of two offenses, or the court below failed to apply a general verdict to an applicable count under the facts, or the record showed a general verdict and judgment following the submission of a count so defective as not to support any judgment.

**5.—Same—Judgment—Practice on Appeal—Verdict—Minimum Penalty—One Transaction.**

We know of no case where the record showed but one transaction wherein the verdict has been applied to a count supported by the proof, which was reversed by this court because the minimum penalty was not given to the accused.

Appeal from the District Court of Mitchell. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. W. Sandusky*, for appellant. Cited cases in opinion.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Mitchell County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

There were two counts in the indictment, one charging the selling of intoxicating liquor and the other the delivering of such liquor. Both were submitted to the jury which returned a general verdict. This was applied by the court in his judgment to the count charging the selling of liquor and the sentence followed the judgment. This was permissible. Rambo v. State, No. 7431, opinion delivered October 24, 1923.

No bills of exception were reserved, and the statement of facts seems ample to support the conclusion of guilt. The witness who purchased from appellant testified that he bought and paid for a bottle of

whisky. This court has stated in many opinions its judicial knowledge of the fact that whisky was intoxicating.

There being no error in the record, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

### April 16, 1924

LATTIMORE, JUDGE.—Appellant insists that because the indictment contained two counts and the verdict was general and did not assess the lowest penalty, we erred in affirming his case. He cites 246 S. W. Rep., 377; 247 S. W., Rep., 520; 249 S. W. Rep., 497; 251 S. W. Rep., 229; 252 S. W. Rep., 550, and 256 S. W. Rep., 273. The styles of these causes are not given, and we regret that we could not find the last citations.

Appellant was charged in one count in the indictment with the sale of liquor and in the other count with the delivery of same. The evidence showed only one transaction, and there was therefore neither need nor request for an election, and the learned trial judge charged the jury applicable to the facts, as follows:

"Therefore, gentlemen of the jury, if you find from the evidence in this case, beyond a reasonable doubt, that the defendant, F. C. Coursey, did, on or about October 20, 1922, in Mitchell County, Texas, sell or deliver whisky to B. E. Dale, then you will find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the State penitentiary of Texas for a period of years not less than one nor more than five."

The verdict found appellant guilty as charged and assessed his punishment at two years. The court applied same to the count charging a sale and the judgment and sentence were for that offense. No complaint of the verdict, judgment or sentence was made in the court below. The course pursued by the learned trial judge has met with the approval of this court in many cases, a few of which are cited: Alexander v. State, 31 Texas Crim. Rep., 359; Shuman v. State, 34 Texas Crim. Rep., 69; Southern v. State, 34 Texas Crim. Rep., 144; Rossen v. State, 37 Texas Crim. Rep., 87.

Appellant misinterprets the effect of our holdings in the cases cited by him. An inspection of those decisions reveals that either the judgment or sentence in the given case fixed the guilt of two offenses, or the court below failed to apply a general verdict to an applicable count under the facts, or the record showed a general verdict and judgment following the submission of a count so defective as to not support any judgment. We know of no case where the record shows but one transaction wherein the verdict has been applied to a count supported by the proof, which was reversed by this court because the minimum penalty was not given to the accused.

97 T. C.—4.

Believing the former opinion to correctly announce the law, the motion for rehearing will be overruled.

*Overruled.*