up to and was materially related to the case on trial.

[10] Appellant testified to threats against him by Gilliland, the injured party, and that on the occasion of the shooting he saw Gilliland on the street and thought he would speak to him, and just as he went to open the door Gilliland made a play for his gun; that the latter threw his hand down by his side here (indicating) to get his gun, and "when he did that, why I shot him. I knew he was going to get a gun; I knew he was going to get it; when I shot he kept trying to get his gun. * * * When I shot at him the second time I thought he was seeking a better position to shoot me. He still had his hand here (indicating), and it seemed like he was trying to pull a gun out. At the time I shot at him, at that time, I thought he was going to shoot me."

In view of all the testimony, it would be but a repetition to allow the accused to further state that he thought Gilliland was evidencing an intention to execute a threat previously made, and the action of the court in sustaining the state's objection to such statement would not be material error, if any at all.

The motion for rehearing will be overruled.

---

### TRAMMELL v. STATE.  (No. 9301.)

(Court of Criminal Appeals of Texas. Nov. 18, 1925. Rehearing Denied Jan. 27, 1926.)

1. Witnesses ⬅337(5)—Accused's act in testifying in his behalf authorized proof of indictment for felony.

That accused testified in his own behalf authorized the introduction of evidence of an indictment for a felony, on issue of credibility.

2. Intoxicating liquors ⬅236(13)—If jury believed liquid transported was grain alcohol, further proof that it was intoxicating liquor was not required.

If jury believed liquid transported was grain alcohol, further proof that it was intoxicating or spirituous liquor was not required, in view of Complete Tex. St. 1920, or Vernon's Ann. Pen. Code Supp. 1922, art. 588¼b.

3. Indictment and information ⬅132(5)—Refusal to require state to elect on which of two counts it would proceed held not error.

Refusal to require election between count charging possession of spirituous liquors for purpose of sale and count charging transportation of liquor capable of producing intoxication held not error, where court instructed jury that the conviction could not be had on more than one count.

4. Intoxicating liquors ⬅236(13) — Evidence held sufficient to warrant finding that liquid transported was grain alcohol and not denatured alcohol.

Evidence held sufficient to warrant finding that liquid transported was grain alcohol and not denatured alcohol.

Appeal from District Court, Mitchell County; W. P. Leslie, Judge.

J. L. Trammell was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

L. W. Sandusky, of Colorado, Tex., and McLean, Scott & Sayers, of Fort Worth, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of 2 years.

Appellant was arrested while driving upon the public highway an automobile in which there were 41 gallons of alcohol. The alcohol was locked up in the back end of the car. When first accosted, appellant insisted that he had nothing objectionable in his car, and declared that he had no key to the part of it in which the alcohol was afterwards found. He ultimately stated to the officer: "Well, you have got me; I am loaded with alcohol." The state's witness testified that he examined the alcohol, tasted it, and smelled it; that he identified the contents of the can which was opened as alcohol. Upon cross-examination, the witness was interrogated with reference to denatured alcohol. He said that he had smelled but had never tasted denatured alcohol; that the liquid had a sickening, sweet scent to it, different from that of alcohol.

A graduate pharmacist and chemist was called by the appellant, who stated that he was familiar with the various kinds of alcohol; that denatured alcohol was grain alcohol with formaldehyde in it and could not be used as a beverage; that it was not made for beverage purposes or for medicine. The witness had had occasion to smell grain alcohol which could be used as a beverage; he had also smelled denatured alcohol, and thought that there was no difference in the odor of the two. Upon cross-examination, the witness tasted the liquid in question, and said that it tasted like alcohol, though he had never tasted denatured alcohol. The witness also said that he would not say that the article in question was not usable as beverage alcohol.

Appellant testified that he was an automobile mechanic; that he owned the car which he was driving. He said that he un-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

derstood that the 41 gallons of alcohol which he had in his car were denatured alcohol, and believed them to be so at the time they were placed therein. According to his testimony, the alcohol was put in the car by Pat Harrison, at El Paso, who stated at the time: "You can't get into any trouble over this, for this is poison." Upon that assurance, appellant agreed to take the alcohol to Fort Worth for a certain consideration. It seems that Pat Harrison was arrested at the same time, or about the same time, he driving another automobile.

The issues raised by the evidence touching the nature of the fluid seem to have been submitted to the jury in an unobjectionable manner. The jury was told that, if they believed the fluid was denatured alcohol, or if the appellant believed it to be denatured alcohol, or if upon those subjects there was a reasonable doubt in the minds of the jurors, there should be an acquittal.

[1, 2] Appellant testified in his own behalf. The proof of the indictment for a felony was admissible upon the issue of credibility. As stated above, however, there is no complaint of the receipt of such testimony presented in a manner that can be considered. If the jury believed the liquid to be grain alcohol, further proof that it was intoxicating liquor was not required. In refusing the special charge to that effect there was no error committed.

[3] The complaint of the refusal to require an election seems untenable. The first count charged the possession of spirituous liquors for the purpose of sale. The second count charged the transportation of spirituous liquor capable of producing intoxication. There was but a single transaction. The court instructed the jury that a conviction could not be had on more than one count. The verdict shows that the conviction was on the second count. Smith v. State, 90 Tex. Cr. R. 273, 234 S. W. 893; Hooper v. State, 94 Tex. Cr. R. 278, 250 S. W. 694; Mathis v. State, 97 Tex. Cr. R. 222, 260 S. W. 603.

[4] The evidence is deemed sufficient to warrant the finding that the liquid was grain alcohol and not denatured alcohol. Our statute (article 588¼b, Vernon's Complete Statutes 1920 or Vernon's Ann. Pen. Code Supp. 1922), seems to classify alcohol as one of the liquors within the prohibition. This court has held that alcohol is a known intoxicant. See Branch's Ann. Tex. P. C. § 1237; Rucker v. State (Tex. Cr. App.) 24 S. W. 902.

The judgment is affirmed.

## On Motion for Rehearing.

HAWKINS, J. It was charged against appellant that he transported "spirituous" liquor capable of producing intoxication. The liquor was alcohol. He defended on the ground that it was denatured alcohol. This issue was determined against him. The jury found the alcohol was such as could be used for beverage purposes. The point is now made that, there being no proof that alcohol was a spirituous liquor, the conviction must fall, citing Chaves v. State (Tex. Cr. App.) 275 S. W. 1006, as supporting the contention. In that case we were dealing with "tequila"; here we are dealing with a liquor which has been the subject of discussion by text-writers and the courts. In Joyce on Intoxicating Liquors, § 17, p. 18, it is said:

"The weight of the authorities seems to be to the effect that, unless otherwise made by the language or provisions of the statute, it (alcohol) will be included in the term 'spirituous' and 'intoxicating' liquors."

Again, in Cureton v. State, 135 Ga. 660, 70 S. E. 332, 49 L. R. A. (N. S.) 182, it is held that alcohol is judicially recognized as a spirituous and intoxicating liquor. To the same effect is Marks v. State, 159 Ala. 71, 48 So. 864, 133 Am. St. Rep. 20. See, also, Underhill's Cr. Ev. (3d Ed.) § 60; Woolen & Thornton's Law of Intoxicating Liquors, vol. 1, § 10.

The motion for rehearing is overruled.