### JIM HARRISON V. THE STATE.

No. 9652.   Delivered April 17, 1926.

Rehearing denied May 5, 1926.

1.—Possessing   Intoxicating   Liquor—Continuance—Former   Conviction— Properly Overruled.

Where, on a charge of possessing intoxicating liquor for the purpose of sale, appellant filed a plea of former conviction averring that he had been tried and convicted for manufacturing intoxicating liquor, growing

out of the same transaction as the charge of possessing intoxicating liquor for the purpose of sale. and that he had appealed from said conviction to this court and his appeal was then pending, and asked for a continuance until his said appeal had been passed upon. Both of these pleas were properly overruled by the trial court.

### 2.—Same—Continued—Statute Construed.

The unlawful possession of intoxicating liquor is a felony when possessed for sale, and the unlawful manufacture of intoxicating liquor is a felony. The two do not necessarily constitute the same act. The possession may be entirely independent of the manufacture, and the possession of equipment may likewise be entirely independent of the possession of intoxicating liquor, or the manufacture thereof. Under the facts disclosed in this case the charge of possession was wholly disconnected from the charge of manufacturing, for which appellant had been previously tried and convicted. Following Smith v. State, 90 Tex. Crim. Rep. 273, 234 S. W. 893 and other cases cited.

### ON REHEARING

### 3.—Same—Requested Charge—Refusal Of—Not Excepted to—No Error.

Where appellant complains of the refusal of the trial court to give his special charge, and there is no notation on the requested charge of any exception taken to its refusal by the court, and such refusal is not complained of in a separate bill of exception, no error is presented.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*J. P. Cox,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Grayson County for possessing intoxicating liquor for sale, and his punishment assessed at one year in the penitentiary.

The record discloses that on December 5, 1924, the officers raided the premises of one Jess McClure, and captured a still in operation, about seven barrels of mash and some whiskey, and there found a Mr. Short and a negro by the name of Lum Burton, in charge. Short and Burton were arrested and the still, equipment and the whiskey were seized and taken away by the officers. On the following day the officers returned to said premises and found thirty gallons of corn whiskey

concealed under a pile of stove wood, about sixty yards from the point where they captured the still and whiskey and arrested the said parties. It was the contention of the state, and evidence was introduced to that effect, that the still in question was being operated by the appellant and said Jess McClure and had been so operated since about the first of November prior thereto, and that they were jointly interested in the whiskey there made. The state further contended that the appellant was superintending the manufacturing of the whiskey in question and giving same his personal attention, while the said negro and the other parties were working under him. It was the contention of the appellant that he had no interest in the still and whiskey in question, and that he was not connected in any manner therewith, but that he was working for said McClure in building a levee on his premises and using his teams in connection therewith.

Appellant, when this case was called, filed a motion for a continuance, setting up the fact that he had, prior thereto, been convicted in the District Court of Grayson County for the offense of manufacturing intoxicating liquor, involving the same transaction, and had been given a sentence of one year in the penitentiary, from which he had effected his appeal to this court, where the same was then pending. In connection therewith, appellant prepared and presented in the usual form a plea of former conviction, setting up the same facts, requesting that the instant case be passed until this court had passed on his said appeal. This motion and plea of former conviction were contested by the state, contending that the instant case did not involve the same transaction or facts upon which appellant had been convicted for manufacturing intoxicating liquor, but involved different criminal acts, to-wit, the possession of the said thirty gallons of whiskey found on said premises the day following the seizure and capture of the still. The trial court overruled said motion for a continuance, and his action in so doing is now before us, by proper bill of exceptions, for review.

The record discloses that the court in his charge to the jury confined them to the consideration only of the thirty gallons of whiskey found under the stove wood, and informed them that they could not consider any evidence of the raid of the still, and the manufacturing of whiskey at the time same was captured, for any purpose except to show, if it did, the appellant's connection with, or interest in, the thirty gallons of whiskey in question. Art. 666 of the new Penal Code makes

it an offense to possess whiskey for the purpose of sale, and also makes it an offense to manufacture whiskey. In other words, the accused could be guilty, under the statute, of both offenses. This court, in construing this statute in Smith v. State, 90 Tex. Crim. Rep. 273, 234 S. W. 893, opinion by Presiding Judge Morrow, stated:

"The unlawful possession of intoxicating liquors is a felony when possessed for sale, and the unlawful manufacture of intoxicating liquors is a felony. The two do not necessarily constitute the same act. The possession may be entirely independent of the manufacture, and the possession of equipment may likewise be entirely independent of the possession of intoxicating liquors or the manufacture thereof."

The state's evidence in this case showed that all of the thirty gallons of whiskey in question were made at another and different time from the whiskey that was seized by the officers on the date of capturing this still. Under the facts of this case and under the Smith case, supra, and the law as we understand it, we are of the opinion that there is no error shown in the ruling of the court in refusing to postpone this case to await the determination of the appeal from the conviction for the manufacturing of other whiskey, because the record clearly shows, as we read it, that the instant case charges a separate and distinct offense from that of the said former conviction.

Appellant also complains of the action of the court in refusing to submit to the jury his special charge. This charge, as presented, shows no error. Besides, we are of the opinion that the court properly submitted in his general charge to the jury the law on the issue suggested in said special charge.

After a careful investigation of the entire record, and finding no error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—The special charge asked by appellant, complaint of the refusal of which was assigned as error, bears thereon no notation of the fact of an exception to its refusal;

nor is such refusal complained of in a separate bill of excep-
tions. The matter is before us in no such way as calls for a
review at our hands.

We have again reviewed the three bills of exception reserved
by appellant and discussed in our former opinion, and have
also considered anew the testimony, but believe the case was
correctly disposed of in our former opinion.

The motion for rehearing will be overruled.

*Overruled.*